AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT

☒ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**

NORTHERN DISTRICT OF CALIFORNIA

### OFFENSE CHARGED

Title 18 U.S.C. § 1001 (a)(2) (false statements) (two counts);
Title 33 U.S.C. §§ 1319(c)(1)(A), 1321(b)(3) (Clean Water Act)
(one count)(a Class A misdemeanor);
Title 16 U.S.C. §§ 703, 707(a) (Migratory Bird Treaty Act) (one
count) (a Class B Misdemeanor)

☐ Petty
☐ Minor
☒ Misde-meanor
☒ Felony

PENALTY:
SEE ATTACHMENT A

### DEFENDANT - U.S

▶ JOHN JOSEPH COTA

**DISTRICT COURT NUMBER**

CR 08-160 SI

---

### PROCEEDING

**Name of Complainant Agency, or Person (& Title, if any)**

☐ person is awaiting trial in another Federal or State Court,
give name of court

☐ this person/proceeding is transferred from another district
per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on motion
of:
☐ U.S. ATTORNEY  ☐ DEFENSE

**SHOW DOCKET NO.** }

☐ this prosecution relates to a
pending case involving this same
defendant

☐ prior proceedings or appearance(s)
before U.S. Magistrate regarding this
defendant were recorded under

**MAGISTRATE CASE NO.** }

Name and Office of Person
Furnishing Information on this form

☐ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)

### DEFENDANT

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior
summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction } ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes } If "Yes"
been filed? ☐ No } give date filed

**DATE OF ARREST** ▶ Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

---

### ADDITIONAL INFORMATION OR COMMENTS

**PROCESS:**
☐ SUMMONS  ☐ NO PROCESS*  ☐ WARRANT

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

Bail Amount:

*Where defendant previously apprehended on complaint, no new summons or
warrant needed, since Magistrate has scheduled arraignment

Date/Time:                Before Judge:

Comments:

## ATTACHMENT A

**PENALTY**:

COUNTS ONE and TWO

False Statements
5 years imprisonment, 3 years supervised release, $250,000 fine, and a $100 special assessment.

COUNT THREE

Obstruction
1 year imprisonment, $1000,000 fine, 1 year supervised release and a $25 special assessment.

COUNT FOUR

Migratory Bird Treaty Act
6 months imprisonment, $15,000 fine, 1 year supervised release and a $10 special assessment.

# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: SAN FRANCISCO

UNITED STATES OF AMERICA,

V.

JOHN JOSEPH COTA
and
FLEET MANAGEMENT LIMITED,

*CR08 - 0160 SI*

DEFENDANT(S).

## SECOND SUPERSEDING INDICTMENT

Title 18 U.S.C. § 1001 (false statements)(five counts);
Title 18 U.S.C. § 1519 (obstruction)(three counts);
Title 33 U.S.C. §§ 1319(c)(1)(A),1321(b)(3) (Clean Water Act)
(one count)(a Class A misdemeanor); Title 16 U.S.C. §§ 703, 707
(Migratory Bird Treaty Act) (one count) (a Class B Misdemeanor)

A true bill.

_____
                                           Foreman

Filed in open court this ___22___ day of

July, 2008.

**Brenda Tolbert**
Clerk
**MARIA-ELENA JAMES**

Bail, $ _____

1  JOSEPH P. RUSSONIELLO
   United States Attorney
2  BRIAN J. STRETCH (CASBN 163973)
   Chief, Criminal Division
3  STACEY P. GEIS (CASBN 181444)
   JONATHAN SCHMIDT (CASBN 230646)
4  Assistant United States Attorneys
   450 Golden Gate Ave., 11ᵗʰ Floor
5  San Francisco, CA 94102
   (415) 436-7126 (tel)
6  (415) 436-7234 (fax)
   Stacey.Geis@usdoj.gov
7  Jonathan. Schmidt@usdoj.gov

8
   RONALD J. TENPAS
9  Assistant Attorney General
   Environment and Natural Resources Division
10 United States Department of Justice
   RICHARD A. UDELL
11 Senior Trial Attorney
   Environmental Crimes Section
12 P.O. Box 23985
   L'Enfant Plaza Station
13 Washington, DC 20004
   (202) 305-0361 (tel)
14 (202) 514-8865 (fax)                    **E-filing**
   Richard.Udell@usdoj.gov

15
   Attorneys for Plaintiff
16 United States of America

17
                    UNITED STATES DISTRICT COURT
18
                  NORTHERN DISTRICT OF CALIFORNIA
19
                      SAN FRANCISCO DIVISION
20

21                                         )  No. CR 08 -00160-SI
   UNITED STATES OF AMERICA,               )
22                                         )  VIOLATIONS:
       Plaintiff,                          )
23                                         )  Title 18 U.S.C. § 1001 (false statements)
   v.                                      )  (five counts);
24                                         )  Title 18 U.S.C. § 1519 (obstruction)
   JOHN JOSEPH COTA,                       )  (three counts);
25     and                                 )  Title 33 U.S.C. §§ 1319(c)(1)(A),
   FLEET MANAGEMENT LIMITED                )  1321(b)(3) (Clean Water Act) (one
26                                         )  count)(a Class A misdemeanor);
       Defendants.                         )  Title 16 U.S.C. §§ 703, 707
27                                         )  (Migratory Bird Treaty Act) (one count)
   _____)  (a Class B Misdemeanor)
28

1    **SECOND SUPERSEDING INDICTMENT**

2    The Grand Jury charges:

3    **INTRODUCTION**

4    At all times relevant to this Indictment:

5    1. The Defendant, JOHN JOSEPH COTA, was a resident of Petaluma, California,

6    and a member of the San Francisco Bar Pilots Association. He held a federal first class

7    pilot's license issued by the United States Coast Guard, and a state pilot's license issued

8    by the Board of Pilot Commissioners for the Bays of San Francisco, San Pablo and

9    Suisun. COTA had been employed as a Pilot in San Francisco Bay since 1981.

10    2. Defendant FLEET MANAGEMENT LIMITED ("FLEET") was a ship

11    management company headquartered in Hong Kong. FLEET managed and operated

12    approximately 190 vessels, including the *M/V Cosco Busan.* As the operator of *M/V*

13    *Cosco Busan*, defendant FLEET was responsible for selecting, training and supervising

14    the vessel's crew. Defendant FLEET acted by and through its agents and employees,

15    acting within the scope of their agency and employment and for the benefit of defendant

16    FLEET, including senior bridge officers and shore-based supervisory personnel.

17    3. The *M/V Cosco Busan* was a 901 foot, 65,131 gross ton freight vessel registered in

18    Hong Kong and bearing IMO number 9231743.

19    4. On or about October 24, 2007, defendant FLEET assumed responsibility for the

20    first time for operating the *M/V Cosco Busan* and on that same day, installed a new crew

21    on *M/V Cosco Busan*, most whom had not previously worked for FLEET and none of its

22    officers had previously worked on this vessel. On October 25, 2007, the *M/V Cosco*

23    *Busan* set sail for the United States from Pusan, Korea

24    5. The *M/V Cosco Busan* had a Bridge Procedures Manual that required detailed

25    passage planning before every voyage. The Manual stated that "the detailed plan should

26    embrace the whole passage, from berth-to-berth, and also include waters where a Pilot

27    will be on board" (Section 1.3.5.1) A berth-to-berth plan encompasses the entire voyage

28    of the vessel; a pilot-to-pilot plan covers the open ocean transit where pilots are not

2

1  required.

2  6. On November 7, 2007, the *M/V Cosco Busan,* with JOHN JOSEPH COTA as its
3  pilot, and with FLEET as its operator and employer of its master and crew, departed the
4  Port of Oakland in heavy fog and struck the Delta tower of the San Francisco Bay Bridge,
5  which resulted in the discharge of approxiamettly 50,000 gallons of heavy fuel oil and
6  caused environmental damage, including the loss of migratory birds.

7  ## LEGAL FRAMEWORK

8  Federal Requirements for Licensed Pilot's Annual Medical Exam

9  7. Title 46 U.S.C. § 7101 together with 46 C.F.R. §10.709 mandates that "every
10  person holding a license or endorsement as a first class pilot shall have a thorough
11  physical examination each year while holding a license or endorsement." 46 C.F.R. §
12  10.709(b). Further, an individual with a first class license or endorsement "may not
13  operate under authority of that license or endorsement until a physical examination has
14  been satisfactorily completed." 46 C.F.R. §10.709(d). The exam must be given by a
15  licensed physician or physician assistant who completes a Coast Guard physical
16  examination form or the equivalent. 46 C.F.R.§§ 10.205(d), 10.709(d).

17  The Clean Water Act and the Oil Pollution Act

18  8. In the Federal Water Pollution Control Act (the "Clean Water Act"), as amended
19  by the Oil Pollution Act, 33 U.S.C. § 1321(b)(1), Congress has declared that it is the
20  policy of the United States that there should be no discharges of oil or hazardous
21  substances into or upon the navigable waters of the United States or the adjoining
22  shorelines.

23  9. The Clean Water Act makes it a crime for a person to negligently discharge oil into
24  or upon the navigable waters or contiguous zone of the United States in such quantities as
25  may be harmful. 33 U.S.C. §§ 1319(c)(1) and 1321(b)(3).

26  10. The Clean Water Act defines a "discharge" as any spilling, leaking, pumping,
27  pouring, emitting, emptying or dumping. 33 U.S.C. § 1321(a)(2). The Clean Water Act
28  defines "oil" as oil of any kind or in any form, including, but not limited to, petroleum,

3

1   fuel oil, sludge and oil residue. 33 U.S.C. § 1321(a)(1).

2       11. Federal regulations promulgated under the Clean Water Act define a "harmful"
3   quantity of oil as including any discharges of oil that cause a film or sheen upon or
4   discoloration of the surface of the water or adjoining shorelines or cause a sludge or
5   emulsion to be deposited beneath the surface of the water or adjoining shorelines. 40
6   C.F.R. § 110.3.

7       12. The Clean Water Act defines the "navigable waters" of the United States as the
8   waters of the United States and the territorial seas, which are defined to be water
9   extending three (3) miles seaward of the ordinary low tide mark. 33 U.S.C. §§ 1362(7)
10  and 1362(8). Navigable waters also includes internal waters, which are "the waters
11  shoreward of the territorial sea baseline." 33 C.F.R. §§ 2.24(a); 2.36. San Francisco Bay
12  is a navigable waterway of the United States.

13                          The Migratory Bird Treaty Act

14      13. The Migratory Bird Treaty Act ("MBTA") makes it unlawful for any person, at
15  any time, by any means or in any manner, to take or kill any migratory bird without a
16  permit or as otherwise provided by regulation. 16 U.S.C. §§ 703, 707(a).

17      14. The term "take" in the MBTA includes killing or wounding. 50 C.F.R. § 10.12.

18      15. The Brown Pelican (*Pelecanus occidentalis*), Marbled Murrelet, (*Brachyramphus*
19  *marmoratus*), and Western Grebe, (*Aechmophorus occidentalis*), among others, are listed
20  as migratory birds pursuant to the MBTA. 50 C.F.R. § 10.13.

21

22

23

24

25

26

27

28

                                    4

1            COUNT ONE

2            18 U.S.C. §1001(a)(2) (False Statements)

3        16. Paragraphs 1-15 are realleged and incorporated by reference as though fully set

4    forth herein.

5        17. On or about January 18, 2006, in the Northern District of California, the

6    defendant,

7                          JOHN JOSEPH COTA,

8    knowingly and willfully made a materially false, fictitious, and fraudulent statement and

9    representation in a matter within the jurisdiction of the executive branch of the

10   Government of the United States, specifically on United States Coast Guard Form CG-

11   719K – Merchant Mariner Physical Examination Report – in that he certified that all the

12   information he provided was complete and true to the best of his knowledge, when in fact

13   he knew that the information he provided was neither complete nor true; including the

14   information provided in Sections VI and VII of the form regarding current medications,

15   the dosage, possible side effects and medical conditions for which the medications were

16   taken.

17       All in violation of Title 18, United States Code, Section 1001(a)(2).

18

19

20

21

22

23

24

25

26

27

28

                                    5

1

COUNT TWO

2

18 U.S.C. §1001(a)(2) (False Statements)

3       18. Paragraphs 1-15 are realleged and incorporated by reference as though fully set

4    forth herein.

5       19. On or about January 19, 2007, in the Northern District of California, the

6    defendant,

7                              JOHN JOSEPH COTA,

8    knowingly and willfully made a materially false, fictitious, and fraudulent statement and

9    representation in a matter within the jurisdiction of the executive branch of the

10   Government of the United States, specifically on United States Coast Guard Form CG-

11   719K – Merchant Mariner Physical Examination Report – in that he certified that all the

12   information he provided was complete and true to the best of his knowledge, when in fact

13   he knew that the information he provided was neither complete nor true; including the

14   information provided in Sections VI and VII of the form regarding current medications,

15   the dosage, possible side effects and medical conditions for which the medications were

16   taken.

17      All in violation of Title 18, United States Code, Section 1001(a)(2).

18

19

20

21

22

23

24

25

26

27

28

6

## COUNT THREE

### 33 U.S.C. §§ 1319(c)(1)(A), 1321(b)(3)

(Clean Water Act – Negligent Discharge of a Pollutant)

20. Paragraphs 1-15 are realleged and incorporated by reference as though fully set forth herein.

21. Between on or about October 24, 2007, and on or about November 7, 2007, in San Francisco Bay, within the Northern District of California, the defendants,

JOHN JOSEPH COTA, and
FLEET MANAGEMENT LIMITED,

did negligently discharge and cause the discharge of oil in such quantities as may be harmful from a vessel, the *M/V Cosco Busan*, into and upon the navigable waters of the United States. Specifically, on or about November 7, 2007, defendants John Joseph Cota (Cota) and Fleet Management Limited (Fleet), acting by and through its agents and employees, negligently caused more than 50,000 gallons of heavy fuel oil to be discharged from the vessel into San Francisco Bay by acting in a negligent manner, that included, one or more of the following:

A. Fleet failed to adequately train the Master and crew of the *M/V Cosco Busan*, including with regard to voyage passage planning, the role of the Master and crew to a pilot, the ship's navigational procedures and the ship's navigational equipment, including the ship's electronic chart system;

B. Fleet and Cota failed to navigate an allision free course;

C. Fleet and Cota failed to prepare and review an adequate passage plan before departure;

D. Fleet and Cota failed to conduct an adequate review with the Pilot, Master and crew of the *M/V Cosco Busan* before departure of the official navigational charts, the proposed course, the location of the San Francisco Bay aids to navigation, and the operation of the vessel's navigational equipment;

E. Fleet and Cota departed in heavy fog;

F. Fleet and Cota proceeded at an unsafe speed during the voyage despite limited visibility;

G. Fleet and Cota failed to use the vessel's radar while making the final approach to the Bay Bridge;

H. Fleet and Cota failed to adequately read and operate the vessel's electronic chart

7

while making the final approach to the Bay Bridge;

I.  Fleet and Cota failed to adequately use the vessel's paper charts by failing to record and review positional fixes during the voyage;

J.  Fleet and Cota failed to verify the vessel's position in relation to other established and recognized aids to navigation throughout the voyage;

K.  Fleet failed to ensure that adequate lookouts were posted during the voyage; and

L.  Fleet failed to notify the Pilot when the vessel went off course while making the final approach to the Delta-Echo span of the Bay Bridge.

All in violation of Title 33, United States Code, Sections 1319(c)(1)(A) and

1321(b)(3), a Class A misdemeanor.

8

1

COUNT FOUR

2

16 U.S.C. §§ 703 and 707(a) (Migratory Bird Treaty Act)

3     22. Paragraphs 1-15 are realleged and incorporated by reference as though fully set

4     forth herein.

5     23. On or about November 7, 2007, in San Francisco Bay, within the Northern

6     District of California, the defendants,

7

JOHN JOSEPH COTA, and
FLEET MANAGEMENT LIMITED,

8

acting by and through its agents and employees, without being permitted to do so by

9

regulation as required by law, did take migratory birds, including at least one Brown

10

Pelican, (*Pelecanus occidentalis*), Marbled Murrelet, (*Brachyramphus marmoratus*) and

11

Western Grebe, (*Aechmophorus occidentalis*).

12     All in violation of Title 16, United States Code, Sections 703 and 707(a), and Title 50,

13     Code of Federal Regulations, Sections 21.11, 20.71 and 20.72, a Class B misdemeanor.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNT FIVE

18 U.S.C. §1001(a)(2) (False Statements)

24. Paragraphs 1-15 are realleged and incorporated by reference as though fully set forth herein.

27. Between on or about November 7, 2007, and on or about December 7, 2007 in the Northern District of California, the defendant,

FLEET MANAGEMENT LIMITED,

knowingly and willfully made materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the executive branch of the Government of the United States, specifically, defendant Fleet Management Limited, acting through its agents and employees, created a berth- to-berth passage plan purporting to be the passage plan prepared and available on the bridge for the *M/V Cosco Busan*'s October 25, 2007, voyage from Pusan to Long Beach, when in fact, Fleet Management Limited knew that this passage plan was prepared after November 7, 2007, and that the actual passage plan prepared for the *M/V Cosco Busan*'s October 25, 2007, voyage from Pusan to Long Beach was a pilot-to-pilot passage plan that was not actually prepared until on or about November 2, 2007.

All in violation of Title 18, United States Code, Section 1001(a)(2).

10

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## COUNT SIX

### 18 U.S.C. §1001(a)(2) (False Statements)

28. Paragraphs 1-15 are realleged and incorporated by reference as though fully set forth herein.

29. Between on or about November 7, 2007, and on or about December 7, 2007 in the Northern District of California, the defendant,

### FLEET MANAGEMENT LIMITED,

knowingly and willfully made materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the executive branch of the Government of the United States, specifically, defendant Fleet Management Limited, acting through its agents and employees, created a berth-to-berth passage plan purporting to be the passage plan prepared and available on the bridge for the *M/V Cosco Busan*'s November 6, 2007, voyage from Long Beach to Oakland when in fact, Fleet Management Limited knew that this passage plan was prepared after November 7, 2007 and that the actual passage plan prepared and available on the bridge for the *M/V Cosco Busan*'s November 6, 2007, voyage from Long Beach to Oakland was a pilot-to-pilot passage plan.

All in violation of Title 18, United States Code, Section 1001(a)(2).

11

1          COUNT SEVEN

2          18 U.S.C. §1001(a)(2) (False Statements)

3          30. Paragraphs 1-15 are realleged and incorporated by reference as though fully set

4     forth herein.

5          31. Between on or about November 7, 2007, and on or about December 7, 2007 in the

6     Northern District of California, the defendant,

7                    FLEET MANAGEMENT LIMITED,

8     knowingly and willfully made materially false, fictitious, and fraudulent statements and

9     representations in a matter within the jurisdiction of the executive branch of the

10    Government of the United States, specifically, defendant Fleet Management Limited,

11    acting through its agents and employees, created a berth-to-berth passage plan on a Fleet

12    format purporting to be the passage plan prepared and available on the bridge for the

13    *M/V Cosco Busan*'s November 7, 2007, voyage from Oakland to Pusan, when in fact,

14    Fleet Management Limited knew that this passage plan was prepared after November 7,

15    2007, and that the actual passage plan prepared and available on the bridge for the  *M/V*

16    *Cosco Busan*'s November 7, 2007, voyage from Oakland to Pusan was a pilot-to-pilot

17    passage plan on a Waypoint for Windows format.

18         All in violation of Title 18, United States Code, Section 1001(a)(2).

19

20

21

22

23

24

25

26

27

28

12

1

COUNT EIGHT

2

18 U.S.C. §1519 (Obstruction)

3    34. Paragraphs 1-15 are realleged and incorporated by reference as though fully set

4    forth herein

5    35. Between on or about November 7, 2007, and on or about December 7, 2007, in

6    the Northern District of California, the defendant,

7                              FLEET MANAGEMENT LIMITED,

8    knowingly altered, destroyed, mutilated, concealed, covered up, falsified, and made false

9    entries in a record with the intent to impede, obstruct, and influence the investigation and

10   proper administration of a matter within the jurisdiction of the U.S. Coast Guard and

11   Department of Homeland Security and in relation to and in contemplation of a matter,

12   specifically, after the *M/V Cosco Busan's* allision with the San Francisco Bay bridge and

13   the resulting discharge of approximately 50,000 gallons of oil, defendant Fleet

14   Management Limited, acting through its agents and employees:

15   A. made a false and fictitious berth-to-berth passage plan purporting to be the passage
16      plan prepared and available on the bridge for the *M/V Cosco Busan*'s October 25,
         2007, voyage from Pusan, Korea, to Long Beach, California;

17   B. made a false passage planning appraisal checklist for the October 25, 2007,
18      voyage, purporting to be the actual passage planning appraisal checklist prepared
         in advance of the voyage; and

19   C. concealed and covered up the actual passage plan for this voyage that contained
         only pilot-to-pilot information.
20

21   All in violation of Title 18, United States Code, Section 1519.

22

23

24

25

26

27

28

13

1

## COUNT NINE

2

18 U.S.C. §1519 (Obstruction)

3      36.  Paragraphs 1-15 are realleged and incorporated by reference as though fully set

4  forth herein.

5      37.  Between on or about November 7, 2007, and on or about December 7, 2007, in

6  the Northern District of California, the defendant,

7                      FLEET MANAGEMENT LIMITED,

8  knowingly altered, destroyed, mutilated, concealed, covered up, falsified, and made false

9  entries in a record with the intent to impede, obstruct, or influence the investigation and

10  proper administration of a matter within the jurisdiction of the U.S. Coast Guard and

11  Department of Homeland Security and in relation to and in contemplation of a matter,

12  specifically, after the *M/V Cosco Busan's* allision with the San Francisco Bay bridge and

13  the resulting discharge of approximately 50,000 gallons of oil, defendant Fleet

14  Management Limited, acting through its agents and employees:

15
    A.  made a false and fictitious berth-to-berth passage plan purporting to be the passage
16       plan prepared and available on the bridge for the *M/V Cosco Busan*'s November
     6, 2007, voyage from Long Beach, California, to Oakland, California;
17
    B.  made a false passage planning appraisal checklist for the November 6, 2007,
18       voyage purporting to be the passage planning appraisal checklist prepared in
     advance of the voyage; and
19
    C.  concealed and covered up the actual passage plan for this voyage that contained
20       only pilot-to-pilot information.

21      All in violation of Title 18, United States Code, Section 1519.

22

23

24

25

26

27

28

14

1

COUNT TEN

2

18 U.S.C. §1519 (Obstruction)

3   38. Paragraphs 1-15 are realleged and incorporated by reference as though fully set

4   forth herein

5   39. Between on or about November 7, 2007, and on or about December 7, 2007, in

6   the Northern District of California the defendant,

7

FLEET MANAGEMENT LIMITED,

8   knowingly altered, destroyed, mutilated, concealed, covered up, falsified, and made false

9   entries in a record with the intent to impede, obstruct, and influence the investigation and

10   proper administration of a matter within the jurisdiction of the U.S. Coast Guard and

11   Department of Homeland Security and in relation to and in contemplation of a matter,

12   specifically, after the *M/V Cosco Busan's* allision with the San Francisco Bay bridge and

13   the resulting discharge of approximately 50,000 gallons of oil, defendant Fleet

14   Management Limited, acting through its agents and employees:

15   A. made a false and fictitious berth-to-berth passage plan purporting to be the passage
16   plan prepared and available on the bridge for the *M/V Cosco Busan*'s November 7, 2007, voyage from Oakland, California, to Pusan, Korea;

17   B. made a false passage planning appraisal checklist for the November 7, 2007,
18   voyage purporting to be the passage planning appraisal checklist that was prepared in advance of the voyage; and

19   C. concealed and covered up the actual passage plan for the November 7, 2007,
20   voyage that contained only pilot-to-pilot information.

21   //

22   //

23   //

24   //

25   //

26   //

27   //

28

15

1    All in violation of Title 18, United States Code, Section 1519.

2

3    DATED:                                    A TRUE BILL.

4        7/22/08                          _Anyunhorkumendral_
5                                              FOREPERSON

6

7    JOSEPH P. RUSSONIELLO
8    United States Attorney

9

10
     BRIAN J. STRETCH
11   Chief, Criminal Division

12   (Approved as to form: _____ )
                          AUSAs Schmidt and Geis
13

14
     RONALD J. TENPAS
15   Assistant Attorney General
     Environment & Natural Resources Division
16   U.S. Department of Justice

17

18   RICHARD A. UDELL
     Senior Trial Attorney
19   Environmental Crimes Section
     U.S. Department of Justice
20

21

22

23

24

25

26

27

28

16