Jeffrey L. Bornstein (State Bar No. 99358)
Luke G. Anderson (State Bar No. 210699)
K&L Gates LLP
55 Second Street, 17th Floor
San Francisco, CA 94105
Telephone: (415) 882-8200
Facsimile:  (415) 882-8220

Barry M. Hartman, *Admitted Pro Hac Vice* (DC Bar No. 291617)
Christopher R. Tate, *Admitted Pro Hac Vice* (PA Bar No. 205510)
K&L Gates LLP
1601 K Street, N.W.
Washington, D.C. 20006
Telephone:  (202) 778-9000
Facsimile:   (202) 778-9100

Attorneys for Defendant
JOHN J. COTA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>     v.<br><br>JOHN J. COTA,<br>   and<br>FLEET MANAGEMENT LIMITED<br><br>               Defendants. | Case No.  CR 08-0160 SI<br><br>**STATUS CONFERENCE STATEMENT BY DEFENDANT JOHN COTA** |

<u>Current Trial Date</u>

At our last hearing, the Court moved the trial date from October 6 to November 17, 2008. From Captain Cota's perspective, that date will make it more difficult than ever, if not impossible, to find an unbiased jury. The  massive amount of prejudicial, inflammatory and incorrect information regarding Captain Cota and his relationship to the spill that has saturated the media in this community through this summer has effectively convicted him in the press.  A

1

STATUS CONFERENCE STATEMENT BY DEFENDANT JOHN COTA
CR 08-0160 SI

new media frenzy is virtually certain to begin on the one-year anniversary of the spill, which is just a few days before the scheduled trial. This will repeat, restate and reconvict Captain Cota in the press. With that in mind, we are planning to file a motion based on the prejudicial pretrial publicity by next week.

### Matters Pending Before Magistrate Judge Spero

Magistrate Judge Spero has tentatively scheduled Rule 15 depositions of the Bosun and Helmsman for October 1 and 3, respectively. These two individuals, and four others have been detained as material witnesses. They were on the bridge or involved in the operation and navigation of the vessel prior to and at the time of the allision. In particular, they will be essential to discovering facts relating to the navigation of the vessel and the use of certain navigational equipment such as the electronic charting system, paper navigation charts, and similar materials. In light of the recent indictment of Fleet Management and the counts therein relating to the crew's lack of training in operating the navigational equipment and the alleged falsification of some of these navigational documents, and the government's allegation of Captain Cota's alleged negligence as it relates to these documents, ensuring that Captain Cota is given adequate opportunity to examine these witnesses before the trial jury is essential to protecting his constitutional rights in this case.

A further status conference will be held on September 18, 2008 to discuss the propriety of Rule 15 depositions. At that time, Magistrate Judge Spero will also consider what to do with the other four material witnesses; i.e., whether to set Rule 15 depositions and if so, when or whether to require them to appear at trial. From Captain Cota's perspective, at a minimum, the four officers are key witnesses who should be required to appear in person at trial. With respect to the remaining two, we are willing to conduct depositions, but only on the condition that the government and Fleet Management agree that no evidence produced after September 2 will be

2

used at the deposition or trial by either the government or Fleet that might have been used to examine these two witnesses at deposition. This condition is important in light of the continuing difficulty Captain Cota has encountered in obtaining all of the pertinent discovery that he is entitled to so that he has an adequate opportunity to analyze this information and prepare for trial.

## Discovery Issues

The government has agreed to produce all remaining discovery on before August 18, 2008 and expert reports by September 2, 2008. While we are willing to accept these dates, they must be premised on the condition that the discovery that is produced is readily reviewable by defense counsel. We raise this because in the government's electronic discovery produced on June 25, 2008, much of the material was encrypted in a way that took us several weeks to decipher. In addition, in the past the government's discovery has included materials that were only reviewable if we had proprietary software, and these issues are still being discussed between the parties and remain unresolved.

We are continuing to work with the government to resolve discovery disputes. One very important issue concerns obtaining a copy of the Electronic Chart System from the COSCO BUSAN that the government has had in its possession since at least early spring of this year. This is potentially the most crucial piece of evidence in this case as it directly relates to the negligence allegations in the indictment. This system may be at the heart of understanding who knew, should have known, and was capable of knowing what about where the vessel was headed and when. We believe we are at an impasse in resolving this issue and may need assistance from the Court.

An additional discovery concern relates to the government's intention to provide copies of Captain Cota's medical records to defendant Fleet Management. We have objected to any

3

STATUS CONFERENCE STATEMENT BY DEFENDANT JOHN COTA
CR 08-0160 SI

such production on privacy and relevancy grounds.[1]  The Court granted Captain Cota's motion to sever the False Statement Counts (Counts One and Two) that focus on his medical records from the Clean Water Act and Migratory Bird Counts (counts Three and Four).  The government now seems willing to let Fleet raise the same issues at trial.  We believe that until and unless the Court rules otherwise, no one should be able to use Captain Cota's medical records at trial, especially if he does not testify.  We anticipate briefing this matter prior to trial.  At a minimum, we have requested that the government block out Personal Identity Information including Date of Birth and Social Security Numbers, that the documents be for "attorneys eyes only" and that no copy be provided to anyone other than counsel before the Court rules on the admissibility of such evidence at trial.

Respectfully submitted,

K& L GATES LLP

Dated:   August 14, 2008        By:    /s/ Jeffrey L. Bornstein
                                       Jeffrey L. Bornstein, Esq.
                                       Luke G. Anderson, Esq.
                                       Barry M. Hartman, Esq., *Admitted Pro Hac Vice*
                                       Christopher R. Tate, Esq., *Admitted Pro Hac Vice*

                                       Attorneys for Defendant
                                       JOHN J. COTA

---

[1] Just prior to filing this Status Conference Report, we were served with a 69 page filing by Fleet Management, Ltd. It was replete with private information purporting to describe Captain Cota's medical conditions. It contained inaccurate, untrue, and unproven allegations about those conditions. Such information of course has no place in a status report. Whether Fleet Management, Ltd. included this information in order to prejudice the Court, or hoping that the media would report it and continue to convict Captain Cota in the press and ensure that an unbiased jury cannot be found, is unknown. This is particularly disturbing given Captain Cota's privacy rights and the lack of any connection whatsoever between Captain Cota's underlying medical condition, prescribed medication and the accident on November 7, 2007.  This illustrates why a strict confidentiality order is necessary.

4

STATUS CONFERENCE STATEMENT BY DEFENDANT JOHN COTA
CR 08-0160 SI

**PROOF OF SERVICE**

I am employed in the County of San Francisco, State of California by a member of the Bar of this Court, at whose direction this service was made. I am over the age of 18 and not a party to the within action. My business address is 55 Second Street, Suite 1700, San Francisco, CA 94105. On August 14, 2008, I served the document(s) described as:

```
STATUS CONFERENCE STATEMENT BY DEFENDANT JOHN COTA
```

on the parties to this action named on the attached service list by the method described below.

(BY PERSONAL SERVICE) I caused a true and correct copy of said document(s) to be served by hand to the addressee(s) listed above, with the name and address of the person served shown on the envelope.

(BY OVERNIGHT DELIVERY) I enclosed a true and correct copy of said document(s) in an envelope/package provided by an overnight delivery carrier addressed to the addressee(s) listed above, sealed it, and placed it for collection and overnight delivery following the ordinary business practices of Kirkpatrick & Lockhart Preston Gates Ellis LLP. I am readily familiar with the firm's practice of collecting and processing correspondence for overnight delivery. On the same day that correspondence is placed for collection and overnight delivery, it is collected by an overnight delivery carrier. Delivery fees are pre-paid or provided for in accordance with the ordinary business practices of Kirkpatrick & Lockhart Preston Gates Ellis LLP.

(BY ELECTRONIC TRANSMISSION) I transmitted a true and correct copy of said document(s) by electronic mail to the offices of the addressee(s). I did not receive, within a reasonable time after the transmission, any message or other indication that the transmission was unsuccessful.

**X** (BY FACSIMILE) I transmitted a true and correct copy of said document(s) by facsimile to the offices of the addressee(s). Upon completion of the facsimile transmission, a transmission report was issued showing the transmission was complete and without error.

(BY U.S. MAIL) I enclosed a true and correct copy of said document(s) in an envelope addressed to the addressee(s) listed above and placed it for collection and mailing following the ordinary business practices of Kirkpatrick & Lockhart Preston Gates Ellis LLP. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service with postage fully prepaid at San Francisco, California.

Executed on August 14, 2008 at San Francisco, California.

I declare under penalty of perjury that the foregoing is true and correct.

                                        ___/s/ Mae A. Chu_____
                                        Mae A. Chu

**SERVICE LIST**

Stacey Geis, Esq.
Jonathan Schmidt, Esq.
Assistant United States Attorney
U.S. Attorney's Office
450 Golden Gate, 11th Floor
San Francisco, CA 94102

Fax: (415) 436-7234

STATUS CONFERENCE STATEMENT BY DEFENDANT JOHN COTA
CR 08-0160 SI