MARC R. GREENBERG, CASB No. 123115
*marc.greenberg@kyl.com*
JOSEPH A. WALSH II, CASB No. 143694
*joe.walsh@kyl.com*
JOHN COX, CASB No. 197687
*john.cox@kyl.com*
KEESAL, YOUNG & LOGAN
A Professional Corporation
400 Oceangate, P.O. Box 1730
Long Beach, California 90801-1730
Telephone:   (562) 436-2000
Facsimile:   (562) 436-7416

Attorneys for FLEET MANAGEMENT LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff(s),<br><br>　vs.<br><br>JOHN J. COTA, et al.,<br><br>　　　　　Defendant(s). | Case No. CR 08-0160 SI<br><br>**DEFENDANT FLEET MANAGEMENT LTD.'S OBJECTION TO PLAINTIFF'S [PROPOSED] PROTECTIVE ORDER GOVERNING DISCOVERY FILED BY DEFENDANT JOHN COTA** |

Defendant Fleet Management Limited ("Fleet") hereby objects to the Proposed Protective Order Governing Discovery Material filed by Defendant John Cota ("Proposed Order"). For the reasons set forth below, Fleet respectfully requests that this court reject the proposed order, and await the submittal of a stipulated order, signed by all the parties. Failing the submittal of a stipulated order Fleet requests that the Court set a hearing schedule so that the issue can be fully considered by the Court.

I.   INTRODUCTION

　　　　Fleet requests that the Court deny Cota's Proposed Order for the following reasons:

　　　　a.   The Government produced Cota's psychiatric reports and related

- 1 -

DEFENDANT FLEET MANAGEMENT LTD.'S OBJECTION TO PLAINTIFF'S [PROPOSED] PROTECTIVE ORDER RE DISCLOSURE OF MEDICAL RECORDS TO DEFENDANT FLEET MANAGEMENT - Case No. CR 08-0160-1 SI

KYL_SF\465452

medical records without redaction or restriction;

  b. Fleet had agreed with the Government that this was an oversight by Government's counsel and that Fleet would treat the reports as confidential;

  c. The issue of the confidentiality of Cota's psychiatric reports was an issue raised during the Status Conference on September 15, 2008. At that time the Court indicated that it would welcome receipt of a stipulated protective order;

  d. Cota's proposed order was submitted to the Court unilaterally, it was not reviewed by Fleet or the Government prior to its submittal to the Court; and,

  e. Cota's proposed order disregards the fact that much of the information about Cota's medical conditions and his drug use are a matter of public record and have been discussed openly in public NTSB hearings. It is inappropriate for Cota to seek an order requiring confidential treatment for information that has been published by the NTSB. It must also be recognized that unless the Court is going to conduct this trial in a closed courtroom, all of the information regarding Captain Cota will be discussed in open court during trial.

## II. OBJECTIONS TO PROPOSED ORDER

Fleet is charged with negligence and strict liability based crimes under the Clean Water Act and the Migratory Birds Treaty Act in addition to charges under 18 U.S.C. § 1001 and 18 U.S.C. § 1519. Captain John Cota, the San Francisco Bar Pilot that was navigating the ship at the time of allision, is charged in the same counts with the same offenses. Each is charged as being the proximate cause of the allision, the proximate cause of the oil spill, and the proximate cause of the loss of birds.

In essence, as to the crew, the negligence based charge is premised upon the notion that crew of the *MV COSCO BUSAN* failed to act as a safety net to catch the failings of the local pilot, in this case Captain Cota. While it is undisputed that Cota was navigating the ship at the time of the allision, the Government alleges that the crew could have, and should have, realized that he was navigating himself into danger.

- 2 -

1	The United States acknowledges that the information pertaining to Cota
2	mental state is discoverable, either under the Federal Rules of Criminal Procedure 16 or
3	pursuant to its obligations under *Brady*.  Rule 16 requires discovery of this information
4	if it is material to the Defendant's defense, will be used in the government's case-in-chief
5	and they are in the government's possession.  The evidence at issue for purposes of the
6	Proposed Order is both material to Fleet's defense and in the possession of the United
7	States.

8	Much of the information regarding Captain Cota's medical condition are
9	also matter of public record at this point.  The NTSB conducted a public hearing on April
10	8-9, 2008, at which Captain Cota's alcoholism, depression, sleep apnea and drug use
11	were discussed at length.  It was discussed in the context of the cause of the accident and
12	the failing of the Coast Guard in licensing Cota despite these impairments.  Dr.
13	Bourgeois testified regarding many of the drugs Cota reported to the Coast Guard in
14	2007 that he used on a regular basis.  A transcript of Dr. Bourgeois' testimony to the
15	NTSB is available on the internet at the following address:
16	http://www.ntsb.gov/Dockets/Marine/DCA08MM004/394475.pdf

17	While all of this information will be a matter of testimony in open court at
18	trial, for the purposes of pre-trial motions Fleet had agreed to negotiate a protective
19	order to address the fact that the Government had produced various materials without
20	redaction.  The Government was primarily concerned with the phone number, address,
21	and social security number of various witnesses.  This issue was raised with the court on
22	August 15, 2008 during that status conference.  At that time it was agreed that the
23	parties would attempt to reach agreement on a protective order and submit a draft to
24	the Court.

25	Contrary to the agreement that the parties would attempt to stipulate to a
26	joint submittal, Counsel for Cota filed a unilateral protective order that attempted to
27	cover every piece of information about Cota's medical history, licensing issues, and drug

- 3 -

use. The proposed order not only goes beyond the scope appropriate for a protective order, it places duties on Fleet that are inappropriate.

To the extent that the Government provided discovery materials without redaction where redactions should have been placed, that is a matter for the Government to correct, not Fleet. The redactions should be limited to witnesses' address, phone number and social security numbers. Obviously, if a witness or other person involved in the allision had a history of medical ailments that could impact their judgment, or a history of drug use that could impact their judgment, redaction would be inappropriate.

Despite the agreement during the hearing that the parties would meet and confer with respect to the protective order counsel for Cota faxed a copy of the Proposed Order to Fleet at 4:54 p.m. on Friday, August 15, 2008, after he had already filed it with this Court. Fleet had no input into the contents of the Proposed Order and does not agree to its contents. Fleet will consider a protective order that is mutually agreeable to all parties. Fleet and the United States have discussed a potential alternative protective order and will likely submit that proposed order to the court this week. However, a protective order should not be sought on an *ex parte* basis without regard to the rights of the effected parties or the current state of disclosure of the evidence at issue.

The Proposed Order prevents counsel for Fleet from properly defending Fleet. The Proposed Order states that distribution of "Medical History Materials" and "Licensing Materials" "shall be for attorney's eyes only." (Proposed Order, Page 2.) Obviously Cota's medical history and drug use must be shared with Fleet's expert witnesses.

The proposed order is clearly inappropriate with regards to information that is currently in the public domain as it would give Fleet fewer rights than any member of the public. Newspaper articles have been written on the fact that Cota suffered from sleep apnea and that the Coast Guard knew he had sleep apnea when it

DEFENDANT FLEET MANAGEMENT LTD.'S OBJECTION TO PLAINTIFF'S [PROPOSED] PROTECTIVE ORDER RE DISCLOSURE OF MEDICAL RECORDS TO DEFENDANT FLEET MANAGEMENT - Case No. CR 08-0160-1 SI

renewed his license in 2007. The same newspaper articles have discussed his admitted use of drugs, including Provigil, a drug known to influence a person's judgment. It is unreasonable to demand that all of the pre-trial and trial proceedings be conducted under a cloak of secrecy when it comes to why Captain Cota navigated this ship into the bridge.

Unquestionably the issue of Cota's mental state at the time of the allision and how that state would outwardly manifest itself will be a subject of considerable testimony. The jury will have to consider whether Cota's conditions and drug use were the proximate cause of him hitting the bridge. To the extent that other entities or government agencies were aware of Mr. Cota's medical conditions and drug use and looked the other way, this too will be an issue at trial. But-for the negligence of others, Cota would not have been licensed and as such, would not have been placed on the *COSCO BUSAN* as a pilot.

Counsel for Fleet must be able to provide the discovery at issue to its experts, and present this evidence at trial. Any protective order in this case must allow Fleet to consider the evidence at issue and defend the charges with evidence or testimony, including expert testimony or reports. Failure to include provisions in the protective order allowing counsel for Fleet to share this information with expert witnesses and Fleet is a denial of due process.

Fleet is entitled to an open and public trial in this case. The Proposed Order seeks to limit Fleet's defense so that no pleadings, arguments, or evidence in the case pertaining to the discovery at issue are public. There is no justification or authority to support such limits.

### III.  CONCLUSION

For the foregoing reasons, Fleet respectfully requests that this court deny Cota's request for the Proposed Order until such time as the parties can reach a mutual agreement. If the parties are unable to reach agreement then the issue, as well as the

- 5 -

1 documents in question, should be submitted to the court for determination of the proper
2 scope of a protective order.
3
4 DATED: August 19, 2008

*[signature]*

5 JOSEPH A. WALSH II
MARC R. GREENBERG
JOHN COX
6 KEESAL, YOUNG & LOGAN

7 Attorneys for Defendant
FLEET MANAGEMENT LTD.

- 6 -

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA         }
                            } ss.:
COUNTY OF LOS ANGELES       }

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 400 Oceangate, P.O. Box 1730, Long Beach, CA 90801-1730.

On **August 19, 2008**, I served the foregoing document described as **DEFENDANT FLEET MANAGEMENT LTD.'S OBJECTION TO PLAINTIFF'S [PROPOSED] PROTECTIVE ORDER GOVERNING DISCOVERY FILED BY DEFENDANT JOHN COTA** on the parties in this action as follows:

| | |
|---|---|
| Jeffrey L. Bornstein, Esq. | Stacey Geis |
| Luke G. Anderson, Esq. | Jonathan Schmidt |
| K&L Gates LLP | Assistant United States Attorneys |
| 55 Second Street, 17th Floor | U.S. Attorney's Office |
| San Francisco, CA 94105 | 450 Golden Gate, 11th Floor |
| Attorneys for Defendant JOHN J. COTA | San Francisco, California 94102 |

☒ **CM / ECF:** The document was electronically served on the parties to this action via the USDC Northern District of California CM / ECF system upon electronic filing of above-described document.

Pursuant to California Rules of Court, Rule 201, I certify that all originals and service copies (including exhibits) of the papers referred to herein were produced and reproduced on paper purchased as recycled, as defined by Section 42202 of the Public Resources Code.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **August 19, 2008**, at Long Beach, California.

_____
Pam Lopez