MARC R. GREENBERG, CASB No. 123115
*marc.greenberg@kyl.com*
JOSEPH A. WALSH II, CASB No. 143694
*joe.walsh@kyl.com*
JOHN COX, CASB No. 197687
*john.cox@kyl.com*
KEESAL, YOUNG & LOGAN
A Professional Corporation
400 Oceangate, P.O. Box 1730
Long Beach, California 90801-1730
Telephone: (562) 436-2000
Facsimile: (562) 436-7416

Attorneys for FLEET MANAGEMENT LTD.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff(s),<br><br>vs.<br><br>JOHN J. COTA, et al.,<br><br>　　　　　　　Defendant(s). | Case No. CR 08-0160 SI<br><br>**DEFENDANT FLEET MANAGEMENT LTD.'S NOTICE OF MOTION AND MOTION TO UNSEAL DOCUMENTS FILED WITH THIS COURT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: September 3, 2008<br>Time: 2:00 p.m.<br>Dept.: Courtroom 10, 19th Floor,<br>*The Honorable Susan Illston* |

TO THE COURT AND ALL COUNSEL, Notice is hereby given that on September 3, 2008, at 2:00 p.m., or as soon thereafter as the matter may be heard, in Courtroom 10 on the 19th Floor of the above-entitled Court, The Honorable Susan Illston Presiding, Defendant FLEET MANAGEMENT LTD. ("Fleet") will move this Court to unseal all pleadings filed to date in the above-referenced case, or in the alternative, for disclosure of those documents to Fleet.

- 1 -

KYL_SF465537

DEFENDANT FLEET MANAGEMENT LTD.'S NOTICE OF MOTION AND MOTION TO UNSEAL DOCUMENTS FILED WITH THIS COURT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - Case No. CR 08-0160-1 SI

pleadings to Fleet under an appropriate confidentiality order. Fleet seeks this Order so that it may properly prepare a defense to the charges alleged in the Second Superseding Indictment.

I. POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO UNSEAL PLEADINGS

A. Material Facts

On June 19, 2008, two separate documents were filed under seal in this case, docket numbers 58 and 59. On that same date the Court granted a Stipulated Amendment to the briefing schedules for Defendant John Cota's previously filed Motions to Sever and Dismiss. The amended briefing schedule called for the United States Opposition Briefs to be filed on July 3, 2008, and any Reply Brief to be filed on or before July 11, 2008.

On July 3, 2008, two separate documents were filed under seal in this case, docket numbers 71 and 72. On July 10, 2008, two additional documents were filed under seal, docket numbers 73 and 74.

The documents under seal are presumably pleadings related to Defendant John Cota's Motions to Sever and Dismiss.

As Fleet has previously indicated to this Court, a defense of the negligence and strict liability based charges in this case will necessarily include evidence that the MV COSCO BUSAN's allision with the San Francisco-Oakland Bay Bridge was proximately cause by Defendant Cota or the failures of various state and federal government agencies to refuse to license Defendant Cota despite knowledge of his condition.

Fleet asserts that the documents filed under seal contain material information that will assist in the defense of this case. Fleet would ordinarily have access to any pleadings filed in this case. Fleet is entitled to obtain the pleadings under seal so that it may determine what has transpired in this case to date, to obtain any judicial

- 2 -   KYL_SF465537

DEFENDANT FLEET MANAGEMENT LTD.'S NOTICE OF MOTION AND MOTION TO UNSEAL DOCUMENTS FILED WITH THIS COURT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - Case No. CR 08-0160-1 SI

admissions of the United States or Defendant Cota, and to obtain any potentially exculpatory information contained in those pleadings.

## II. THERE IS NO COMPELLING INTEREST TO DENY FLEET ACCESS TO THE SEALED DOCUMENTS

Generally, the District Court must make factual findings which support its decision to seal information from the public. *See, Oregonian Publishing Co. v. United States District Court*, 920 F.2d 1462, 1466 (9th Cir. 1990). Specifically, secrecy will only be allowed if it serves a compelling interest which is substantially likely to be harmed in the absence of secrecy, and there are no alternatives that would adequately protect this interest. *Id.*; *see also, United States v. Brooklier*, 685 F.2d 1162, 1172 (9th Cir. 1982) ("transcripts of properly closed proceedings must be released when the danger of prejudice has passed").

Moreover, even if legitimate grounds existed initially to conceal information, there is no presumption that the information can thereafter remain forever sealed and unavailable to a defendant. In fact, the contrary is true, *i.e.*, secrecy should be maintained only so long as the initial reasons justifying the closure continue to exist. As long as the information remains sealed, "the government bears the continuing burden of justifying the need for secrecy." *United States v. Moten*, 582 F.2d 654, 661 (2nd Cir. 1978) ( in camera testimony of witnesses should have been released to defendant investigating motion for new trial, even though trial judge believed that the testimony would not be helpful to the defendant).

In this case Fleet is a newly added defendant. Prior to its involvement in this case, Defendant Cota obtained a severance of the felony charges from the misdemeanor charges against him. He also made a motion to dismiss that was denied. The United States and Defendant Cota both briefed the issues relevant to both of those motions. Those briefs were sealed. Fleet is entitled to know what has previously transpired in

- 3 -    KYL_SF465537

DEFENDANT FLEET MANAGEMENT LTD.'S NOTICE OF MOTION AND MOTION TO UNSEAL DOCUMENTS FILED WITH THIS COURT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - Case No. CR 08-0160-1 SI

1  this criminal case that it has recently joined. Failure to allow Fleet access to this
2  information serves no compelling interest, and actually most likely denies Fleet its
3  Constitutional rights.

### III. FLEET IS ENTITLED TO BOTH FAVORABLE AND UNFAVORABLE EVIDENCE AGAINST IT

Prosecutors have a duty under due process to disclose evidence that is both favorable to the accused and material to either guilt or punishment. *See, United States v. Bagley*, 473 U.S. 667, 674, 105 S.Ct. 3375, 3379, 87 L.Ed.2d 481 (1985); *Brady v. Maryland,* 373 U.S. 83, 87 (1963). Evidence impeaching the credibility of key government witnesses also falls under the *Brady* doctrine. *See, Bagley*, 473 U.S. at 676; *Giglio v. United States*, 405 U.S. 150, 154 (1972). Failure to disclose such exculpatory or impeachment evidence requires reversal if the evidence "is material in the sense that its suppression undermines confidence in the outcome of the trial." *Bagley*, 473 U.S. at 678; *see also, United States v. Shaffer*, 789 F.2d 682, 688 (9th Cir.1986).

In this case, Fleet is entitled to view the favorable or unfavorable information set forth in the pleadings associated with Defendant Cota's Motion to Dismiss and Sever. Specifically, those pleadings may contain information regarding Defendant Cota's medical condition and whether or not he disclosed that condition to the United States. The documents presumably also contain evidence linking the false statement and obstruction allegations against Defendant Cota to the negligence and strict liability allegations. That information is additional evidence in support of Fleet's defense. Moreover, the documents may include information or evidence that the United States intends to use against Fleet. In either case, Fleet is entitled to this information so that it may defend itself.

## IV. FLEET IS ENTITLED TO AN OPEN AND FAIR TRIAL

The Sixth Amendment right to an open and public trial is a shared right of the accused and the public, the common concern being the assurance of fairness. *Press-Enterprise v. Superior Court of California for Riverside County*, 478 U.S. 1, 7 (1986). In addition to ensuring that judge and prosecutor carry out their duties responsibly, a public trial encourages witnesses to come forward and discourages perjury. *Id.* The presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest. *Waller v. Georgia*, 467 U.S. 39, 45 (1984).

Part of that right to a fair trial includes the right to have access to pleadings filed with the court. Public disclosure of these pleadings will ensure that the truth comes out at trial. The sealed documents at issue may contain judicial admissions of the parties and evidence exculpatory to Fleet. Fleet is entitled to all of the evidence as described above of actions by Defendant Cota and various government agencies.

## V. ADEQUATE ALTERNATIVES TO SEALING THESE DOCUMENTS EXIST

If the Court is not inclined to unseal the documents at issue in this Motion, Fleet requests that the Court order them produced to Fleet. The Court could order the parties to keep the documents confidential while allowing Fleet to obtain copies for its review and the preparation of its defense. In addition, the Court could order that no party file the documents or information contained in them unless certain information were redacted.

## VI. CONCLUSION

Based upon the foregoing, Fleet respectfully requests that this court issue an order to unseal the documents filed as docket numbers 58, 59, 71, 72, 73, and 74. In the alternative Fleet requests that the Court order disclosure of those documents to Fleet in a manner that protects the confidential nature of the contents yet allows Fleet to obtain

- 5 -

KYL_SF465537

DEFENDANT FLEET MANAGEMENT LTD.'S NOTICE OF MOTION AND MOTION TO UNSEAL DOCUMENTS FILED WITH THIS COURT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - Case No. CR 08-0160-1 SI

1  material discovery in this case.

2  DATED: August 20, 2008

3  _____
   JOSEPH A. WALSH II
4  MARC R. GREENBERG
   JOHN COX
5  KEESAL, YOUNG & LOGAN
   Attorneys for Defendant
6  FLEET MANAGEMENT LTD.

- 6 -    KYL_SF465537

DEFENDANT FLEET MANAGEMENT LTD.'S NOTICE OF MOTION AND MOTION TO UNSEAL DOCUMENTS FILED WITH THIS COURT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - Case No. CR 08-0160-1 SI

# CERTIFICATE OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is 450 Pacific Avenue, San Francisco, CA 94133.

On **August 20, 2008**, I served the foregoing document described as **DEFENDANT FLEET MANAGEMENT LTD.'S NOTICE OF MOTION AND MOTION TO UNSEAL DOCUMENTS FILED WITH THIS COURT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the parties in this action as follows:

☑ **CM / ECF:** The document was electronically served on the parties to this action via the USDC Northern District of California CM / ECF system upon electronic filing of above-described document.

Pursuant to California Rules of Court, Rule 201, I certify that all originals and service copies (including exhibits) of the papers referred to herein were produced and reproduced on paper purchased as recycled, as defined by Section 42202 of the Public Resources Code.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **August 20, 2008**, at San Francisco, California.

_____
K'Ann M. Klein

DEFENDANT FLEET MANAGEMENT LTD.'S NOTICE OF MOTION AND MOTION TO UNSEAL DOCUMENTS FILED WITH THIS COURT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - Case No. CR 08-0160-1 SI

1  MARC R. GREENBERG, CASB No. 123115
   *marc.greenberg@kyl.com*
2  JOSEPH A. WALSH II, CASB No. 143694
   *joe.walsh@kyl.com*
3  JOHN COX, CASB No. 197687
   *john.cox@kyl.com*
4  KEESAL, YOUNG & LOGAN
   A Professional Corporation
5  400 Oceangate, P.O. Box 1730
   Long Beach, California 90801-1730
6  Telephone:  (562) 436-2000
   Facsimile:  (562) 436-7416
7
   Attorneys for FLEET MANAGEMENT LTD.
8

9              UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11 UNITED STATES OF AMERICA,            ) Case No. CR 08-0160 SI
                                        )
12              Plaintiff(s),           )
                                        )
13        vs.                           ) [PROPOSED] ORDER GRANTING
                                        ) DEFENDANT FLEET MANAGEMENT
14 JOHN J. COTA, et al.,                ) LTD.'S MOTION TO UNSEAL
                                        ) DOCUMENTS FILED WITH THIS
15              Defendant(s).           ) COURT
                                        )
16                                      ) Date:  September 3, 2008
                                        ) Time:  2:00 p.m.
17                                      ) Dept.: Courtroom 10, 19th Floor,
                                        )        *The Honorable Susan Illston*
18 _____ )

19

20      Defendant FLEET MANAGEMENT, LTD.'s Motion to Unseal Documents Filed

21 With This Court came before the above-entitled Court on September 3, 2008 at 2:00

22 p.m., the Honorable Susan Illston presiding. The Court, having reviewed all of the

23 pleadings, arguments of counsel, the Court's files herein, and good cause appearing

24 therefore, **HEREBY ORDERS AS FOLLOWS:**

25 ///

26 ///

27 ///

28
                                      - 1 -                       KYL_SF465556
   [PROPOSED] ORDER GRANTING DEFENDANT FLEET MANAGEMENT LTD.'S MOTION TO
   UNSEAL DOCUMENTS FILED WITH THIS COURT - CASE NO. CR 08-0160-1 SI

1   Defendant FLEET MANAGEMENT, LTD.'s Motion to Unseal Documents Filed
2   With This Court is GRANTED.  Documents filed as docket numbers 58, 59, 71, 72, 73,
3   and 74 shall be unsealed.
4
5
6   DATED: _____, 2008          _____
                                          SUSAN ILLSTON
7                                         United States District Judge
8
9
10  Defendant FLEET MANAGEMENT, LTD.'s Motion to Unseal Documents Filed
11  With This Court is GRANTED.  Disclosure of docket numbers 58, 59, 71, 72, 73, and 74
12  shall be disclosed to Fleet in a manner that protects the confidential nature of the
13  contents yet allows Fleet to obtain material discovery in this case.
14
15
16  DATED: _____, 2008          _____
                                          SUSAN ILLSTON
17                                        United States District Judge
18
19
20
21
22
23
24
25
26
27
28
                                        - 2 -                                KYL_SF465556

[PROPOSED] ORDER GRANTING DEFENDANT FLEET MANAGEMENT LTD.'S MOTION TO
UNSEAL DOCUMENTS FILED WITH THIS COURT - CASE NO. CR 08-0160-1 SI

## CERTIFICATE OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is 450 Pacific Avenue, San Francisco, CA 94133.

On **August 20, 2008**, I served the foregoing document described as **[PROPOSED] ORDER GRANTING DEFENDANT FLEET MANAGEMENT LTD.'S MOTION TO UNSEAL DOCUMENTS FILED WITH THIS COURT** on the parties in this action as follows:

☑ **CM / ECF:** The document was electronically served on the parties to this action via the USDC Northern District of California CM / ECF system upon electronic filing of above-described document.

Pursuant to California Rules of Court, Rule 201, I certify that all originals and service copies (including exhibits) of the papers referred to herein were produced and reproduced on paper purchased as recycled, as defined by Section 42202 of the Public Resources Code.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **August 20, 2008**, at San Francisco, California.

*/s/ K'Ann M. Klein*
K'Ann M. Klein

- 3 -    KYL_SF465556

[PROPOSED] ORDER GRANTING DEFENDANT FLEET MANAGEMENT LTD.'S MOTION TO UNSEAL DOCUMENTS FILED WITH THIS COURT - CASE NO. CR 08-0160-1 SI