Jeffrey L. Bornstein (State Bar No. 99358)
Luke G. Anderson (State Bar No. 210699)
K&L Gates LLP
55 Second Street, 17th Floor
San Francisco, CA 94105
Telephone: (415) 882-8200
Facsimile:  (415) 882-8220

Barry M. Hartman, *Admitted Pro Hac Vice* (DC Bar No. 291617)
Christopher R. Tate, *Admitted Pro Hac Vice* (PA Bar No. 205510)
K&L Gates LLP
1601 K Street, N.W.
Washington, D.C. 20006
Telephone:  (202) 778-9000
Facsimile:   (202) 778-9100

Attorneys for Defendant
JOHN J. COTA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>JOHN J. COTA<br>　and,<br>FLEET MANAGEMENT, INC.<br><br>　　　　　　　　　　　Defendants. | Case No. CR 08-0160 SI<br><br>**DEFENDANT JOHN J. COTA'S NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY; MEMORANDUM IN SUPPORT THEREOF**<br><br>Date: Sept. 22, 2008<br>Time: 11:00 a.m.<br>Judge: Honorable Susan Illston<br><br>Speedy Trial Act; Excludable Time through Disposition, 18 U.S.C. § 3161 (h)(1)(F) |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that at 11:00 a.m. on September 22, 2008 or as soon thereafter as counsel may be heard in the above entitled Court, Defendant JOHN J. COTA ("Captain Cota") will and hereby does move this Court for an order compelling the United States

1.

to produce pursuant to the government's obligations under Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure a duplicate copy of the Electronic Chart System ("ECS"), including all attendant input, setup, configuration, and log data, onboard the M/V COSCO BUSAN as of the morning of November 7, 2007,  As explained more fully below, this software and data is material to the preparation of Captain Cota's defense, and the discovery related to the ECS that the government has provided to Captain Cota is inadequate.  The parties have attempted to resolve this dispute without the court's intervention, but are unable to do so.

This motion is made based upon this Notice of Motion and Motion, the following Memorandum, the Declaration of Jeffrey L. Bornstein (the "Declaration of Counsel"), and the Expert Declaration filed under seal herewith, the complete files and record in this matter and upon such matters as may be presented to the Court at the time of the hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.  **PROCEDURAL POSTURE**

This matter arises out of the allision of the COSCO BUSAN with the San Francisco Bay Bridge on November 7, 2007.  Captain Cota was the pilot onboard the COSCO BUSAN on November 7, 2007.  The bridge on the COSCO BUSAN contains various navigational devices.  One of these is an Electronic Chart System ("ECS") manufactured by Sperry Marine, Inc.  An ECS is a navigation system that integrates a variety of information that is displayed and interpreted by the Master and his crew.  It provides real-time information including charting, positioning and collision-avoidance and other helpful information that can assist a mariner in making decisions. See Declaration of Counsel at ¶ 2.

On April 30, 2008, counsel for Captain Cota, in a letter to counsel for the United States, requested a copy of the ECS as it was installed on the COSCO BUSAN on November 7, 2007. *Id.* ¶ 3, Ex. A.  In response, the government offered to provide "screen captures" that showed still images of the ECS display at intermittent periods. *Id.* ¶ 3, Ex, B.  The government letter also offered to provide counsel for Captain Cota the opportunity to review the ECS in government offices. *Id.*

On July 3, 2008, counsel for Captain Cota drafted another, more formal request for the ECS data. On August 12, the government, in an e-mail to counsel for Captain Cota, provided a proposed protective order from Sperry Marine, Inc. (the manufacturer of the ECS) that would be a prerequisite to review of the ECS in defense counsel's office. *Id.* ¶ 3, Ex. C. The government also represented that such a review would require "special hardware," which defense counsel would have to obtain at their own expense. *Id.* After reviewing the protective order, counsel for Captain Cota responded on the same day to the government's proposal. Defense counsel stated (and maintains in this Motion) that the protective order would prevent counsel from accessing crucial information about the performance of the ECS as it was operated by the master and crew of the COSCO BUSAN on November 7, 2007. *Id*. ¶ 3, Ex. D. Defense counsel reiterated that it did not believe that the ECS would require "special hardware" as the government represented. Id. The government responded the same day and represented that the "screen captures" constitute sufficient disclosure under Rule 16, and that the access defense counsel had requested was inappropriate and not material to the preparation of the defense. *Id*. ¶ 3, Ex. E.

## II.    ARGUMENT

Federal Rule of Criminal Procedure 16 provides, in part:

Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph….documents, data, tangible objects…or copies or portions of any of these items, if the item is within the government's possession, custody, or control and: (i) the item is material to preparing the defense …" Fred. R. Crim P. 16 (a)(1)(E).

"The materiality requirement …is not a heavy burden." *United States* v. *Bergonzi,* 216 F.R.D. 487, 501 (N.D. Cal. 2003) . Evidence is material as long as there is a strong indication that…the evidence will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." *Id.* (citation omitted). The Ninth Circuit has held that, where the reliability of evidence is a key component of the defense, evidence that is relevant to show reliability is material and must be disclosed. *United States* v. *Cedano-Arello*, 332 F. 2d 568, 571 (9th Cir. 2003) (reversing conviction where

3.

**DEFENDANT JOHN J. COTA'S NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY; MEMORANDUM IN SUPPORT THEREOF**
CR 08-0160 SI

government failed to produce training records for narcotic-sniffing dog). Further at least one court in this circuit has held that, where review of evidence in the government's office would inhibit the ability of a defense expert to conduct a thorough review of that evidence, such a review would be "inadequate." *United States* v. *Hill*, 332 F. Supp. 2d 1081, 1092 (C.D. Cal. 2004), *superseded by statute on other grounds*, 18 U.S.C. §3509(m) (2006). While the factual circumstances surrounding *Hill* are obviously different from those in this case, the underlying logic applies with equal force here: where inspection under government supervision would unduly burden the preparation of the defense, the government can only meet its Rule 16 obligations by providing copies of the relevant material to the defense.

In this case Captain Cota has satisfied the low burden for demonstrating materiality. This evidence is indispensable in determining the performance and operation of a crucial navigational tool. Examining the duplicate of the ECS on board the COSCO BUSAN on the morning of November 7, 2007 is the only way for Captain Cota to assess the reliability of other evidence and testimony that the government plans to use against him. Simply examining "screen captures" is not enough, nor is it reasonable for the inspection to occur in the government's office.

In this regard, the government's proposal to review the ECS under their supervision is inadequate because it places unacceptable burdens on Captain Cota's in that it does not allow his counsel and consultants an adequate opportunity to evaluate the information provided by the ECS and determine its relevance to the matters at issue herein. In order to determine what occurred on November 7 and when it occurred, it is necessary to examine the ECS software, electronic chart data and sensor inputs that were installed and available on the COSCO BUSCAN. There also needs to be a determination of the mode of operation, including the display aspects, that was in use along with an examination of system configuration files and setup as well as recorded log/files. This is a time consuming review that cannot be accomplished through a single examination of the ECS system and associated files at the government's office. Moreover, at least one of Captain Cota's consultants resides on the east coast and the costs of

4.

**DEFENDANT JOHN J. COTA'S NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY; MEMORANDUM IN SUPPORT THEREOF**
CR 08-0160 SI

bringing him to San Francisco for an extended period in order to view the ECS in the government's office places an unfair burden on Captain Cota..

**CONCLUSION**

Therefore, a duplicate copy of the ECS as it was installed onboard the COSCO BUSAN on November 7, 2007, is "material to preparing the defense" of Captain Cota as required by Rule 16, and should be disclosed by the government to the defense. Fed. R. Crim. P. 16(a) (1) (E) (i). To the extent that Sperry Mariner requires a reasonable protective order, we are amenable to such a condition.

Respectfully submitted,

K& L GATES LLP

Dated:   August 22, 2008          By:   /s/ Jeffrey L. Bornstein
                                        Jeffrey L. Bornstein, Esq.
                                        Luke G. Anderson, Esq.
                                        Barry M. Hartman, Esq., *Admitted Pro Hac Vice*
                                        Christopher R. Tate, Esq., *Admitted Pro Hac Vice*

                                        Attorneys for Defendant
                                        JOHN J. COTA

5.

**DEFENDANT JOHN J. COTA'S NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY; MEMORANDUM IN SUPPORT THEREOF**
CR 08-0160 SI

# PROOF OF SERVICE

I am employed in the County of San Francisco, State of California by a member of the Bar of this Court, at whose direction this service was made. I am over the age of 18 and not a party to the within action. My business address is 55 Second Street, Suite 1700, San Francisco, CA 94105. On August 22, 2008, I served the document(s) described as:

**DEFENDANT JOHN J. COTA'S NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY; MEMORANDUM IN SUPPORT THEREOF**

on the parties to this action named on the attached service list by the method described below.

(BY PERSONAL SERVICE) I caused a true and correct copy of said document(s) to be served by hand to the addressee(s) listed above, with the name and address of the person served shown on the envelope.

(BY OVERNIGHT DELIVERY) I enclosed a true and correct copy of said document(s) in an envelope/package provided by an overnight delivery carrier addressed to the addressee(s) listed above, sealed it, and placed it for collection and overnight delivery following the ordinary business practices of Kirkpatrick & Lockhart Preston Gates Ellis LLP. I am readily familiar with the firm's practice of collecting and processing correspondence for overnight delivery. On the same day that correspondence is placed for collection and overnight delivery, it is collected by an overnight delivery carrier. Delivery fees are pre-paid or provided for in accordance with the ordinary business practices of Kirkpatrick & Lockhart Preston Gates Ellis LLP.

**X** (BY ELECTRONIC TRANSMISSION) I transmitted a true and correct copy of said document(s) by electronic mail to the offices of the addressee(s). I did not receive, within a reasonable time after the transmission, any message or other indication that the transmission was unsuccessful.

(BY FACSIMILE) I transmitted a true and correct copy of said document(s) by facsimile to the offices of the addressee(s). Upon completion of the facsimile transmission, a transmission report was issued showing the transmission was complete and without error.

(BY U.S. MAIL) I enclosed a true and correct copy of said document(s) in an envelope addressed to the addressee(s) listed above and placed it for collection and mailing following the ordinary business practices of Kirkpatrick & Lockhart Preston Gates Ellis LLP. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service with postage fully prepaid at San Francisco, California.

Executed on August 22, 2008 at San Francisco, California.

I declare under penalty of perjury that the foregoing is true and correct.

\_\_\_\_/s/_____

6.

**DEFENDANT JOHN J. COTA'S NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY; MEMORANDUM IN SUPPORT THEREOF**
CR 08-0160 SI

**SERVICE LIST**

Stacey Geis, Esq.
Assistant United States Attorney
U.S. Attorney's Office
450 Golden Gate, 11th Floor
San Francisco, CA 94102
Fax: (415) 436-7234

Richard Udell
U.S. Department of Justice, Environment Crimes Section
PO Box 23985
Washington, DC 20026
Fax: (202) 305-0396

Marc R. Greenberg, Esq.
Keesal, Young & Logan
400 Oceangate
P.O. Box 1730
Long Beach, CA  90801-1730
Fax: (562) 436-7416

**DEFENDANT JOHN J. COTA'S NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY; MEMORANDUM IN SUPPORT THEREOF**
CR 08-0160 SI