1  Jeffrey L. Bornstein (State Bar No. 99358)
   Luke G. Anderson (State Bar No. 210699)
2  K&L Gates LLP
   55 Second Street, 17th Floor
3  San Francisco, CA 94105
   Telephone: (415) 882-8200
4  Facsimile: (415) 882-8220

5  Barry M. Hartman, *Admitted Pro Hac Vice* (DC Bar No. 291617)
   Christopher R. Tate, *Admitted Pro Hac Vice* (PA Bar No. 205510)
6  K&L Gates LLP
   1601 K Street, N.W.
7  Washington, D.C. 20006
   Telephone: (202) 778-9000
8  Facsimile: (202) 778-9100

9  Attorneys for Defendant
   JOHN J. COTA
10
                    UNITED STATES DISTRICT COURT
11
                  NORTHERN DISTRICT OF CALIFORNIA
12
                       SAN FRANCISCO DIVISION
13

14  UNITED STATES OF AMERICA,              Case No. CR 08-0160 SI

15                         Plaintiff,      **DECLARATION OF JEFFREY L.
                                           BORNSTEIN IN SUPPORT OF
16        v.                               DEFENDANT JOHN COTA'S REQUEST
                                           TO FILE EXPERT'S DECLARATION
17  JOHN J. COTA                           UNDER SEAL AND TO COMPEL
      and                                  DISCOVERY
18  FLEET MANAGEMENT LIMITED,
                                           Date : September 22, 2008
19                         Defendants.     Time: 11:00 a.m.
                                           Judge: Honorable Susan Illston
20
                                           Speedy Trial Act: Excludable Time through
21                                         Disposition, 18 U.S.C. § 3161(h)(1)(F)

22

23  I, Jeffrey L. Bornstein declare as follows:

24  1.      I am a partner at K&L Gates LLP, counsel of record in this matter for Defendant John J.

25  Cota. I make this declaration in support of Captain Cota's request to file under seal the

    Declaration of an Expert In Support of Defendant's Motion to Compel Discovery from the
26
    United States (the "Expert Declaration") and his Motion to Compel Discovery. I have personal
27
    knowledge of those matters stated herein.
28
                                          1.
    ─────────────────────────────────────────────────────────
    **DECLARATION OF JEFFREY L. BORNSTEIN IN SUPPORT OF DEFENDANT JOHN
    COTA'S REQUEST TO FILE EXPERT'S DECLARATION UNDER SEAL AND TO COMPEL
    DISCOVERY
    CR 08-0160 SI**

2.      In his motion Captain Cota seeks an order compelling the United States to produce a duplicate copy of the Electronic Chart System("ECS"), including all attendant input, setup configuration, and log data onboard the M/V COSCO BUSAN as of the morning of November 7, 2007 (the "duplicate ECS") . An ESC is an integrated navigation system that provides charting, positioning, collision-avoidance, and other forms of real-time information to be used by a mariner to support his decisions.   To date the government has refused to provide a duplicate ECS and has instead offered alternatives, which are, as is explained more fully below and in the Expert Declaration,  insufficient to meet the government's obligations under Rule 16(a) (1) (E) of the Federal Rules of Criminal Procedure.

3.      On April 30, 2008, Jeffrey Bornstein, counsel for Captain Cota, in a letter to Assistant United States Attorney Stacey Geis and Senior Trial Attorney Richard A. Udell, requested a copy of the ECS as it was installed on the COSCO BUSAN on November 7, 2007. See Exhibit A. In response, in a letter dated May 9, 2008, Assistant United States Attorney Jonathan Schmidt provided to Jeffrey Bornstein "screen captures" that show still images of the display at intermittent periods. See Exhibit B. The government also offered to provide counsel for Captain Cota an opportunity to review the ECS in the government offices.  Counsel for Captain Cota then drafted another more formal request for ESC data.  In response to that request, in an e-mail dated August 12, 2008, Assistant United States Attorney Jonathan Schmidt provided a proposed protective order from Sperry Marine, Inc., the manufacturer of the ECS, that would be a prerequisite to a review of the ECS even in government counsel's office and also represented that the review of the ECS data would require "special hardware" which defense counsel would be required to obtain at their own expense. See Exhibit C. In an e-mail later that day, counsel for Captain Cota objected to this protective order because it would prevent counsel from accessing crucial information about the performance of the ECS and rejected the government's contention that the ECS would require "special hardware". See Exhibit D.  On the same day, Assistant United States Attorney Jonathan Schmidt responded that disclosure of the "screen captures" constitutes sufficient disclosures under Rule 16.  See Exhibit E.

4.      Counsel for Captain Cota has consulted with an expert in applied research, development, test and evaluation of ECS ("the Expert"), to provide an opinion as to whether, among other issues,  a series of screen captures taken from the ECS system aboard the COSCO BUSAN on November 7, 2007 would provide sufficient information to determine what occurred.  The

2.

**DECLARATION OF JEFFREY L. BORNSTEIN IN SUPPORT OF DEFENDANT JOHN COTA'S REQUEST TO FILE EXPERT'S DECLARATION UNDER SEAL AND TO COMPEL DISCOVERY**
**CR 08-0160 SI**

1    specifics discussed by the Expert in his declaration in response to that request reveal the trial

2    strategy of counsel and Captain Cota has therefore requested that the Expert's Declaration be

3    filed under seal and that it not be provided to the government or Fleet's counsel.  In general,

4    however, the Expert opines that the screen capture option offered by the government is not a

     sufficient alternative to a duplicate copy of the ECS.  Expert Declaration ¶ 6 .  Screen captures

5    are not sufficient to permit a determination of what occurred on November 7.  In order to

6    determine what occurred and when it occurred, it is necessary to examine the ECS software,

7    electronic chart data and sensor inputs that were installed and available on the COSCO BUSAN

8    on that date.  Id. ¶ 9.  It requires an examination of system configuration files and setup as well

9    as recorded log/track files created and used aboard the COSCO BUSAN on November 7, 2007.

10   *Id.*  The Expert further opines that a meaningful review of the information is a time consuming

11   process that cannot be accomplished through a single examination of the ECS system and

     associated files at the government's office..  *Id.* at ¶ 11-12.  Finally he observes that it has not

12   been his experience that specialized equipment is necessary to review the performance of an ECS

13   system. *Id.* ¶ 13.

14   5.      Based on the foregoing, it is requested that the Court file under seal the Expert's

15   Declaration.

16

17   I declare under penalty of perjury that the foregoing is true and correct to the best of my

18   knowledge and as to matters stated on information and belief, I believe them to be true.

19

20   Executed August 22, 2008, at San Francisco, California.

21

22

23

24                                      /s/ Jeffrey L. Bornstein
                                        Jeffrey L. Bornstein
25

26

27
                                        3.
28

**PROOF OF SERVICE**

I am employed in the County of San Francisco, State of California by a member of the Bar of this Court, at whose direction this service was made. I am over the age of 18 and not a party to the within action. My business address is 55 Second Street, Suite 1700, San Francisco, CA 94105. On August 22, 2008, I served the document(s) described as:

**DEFENDANT OF JEFFREY L. BORNSTEIN IN SUPPORT OF DEFENDANT JOHN COTA'S REQUEST TO FILE EXPERT'S DECLARATION UNDER SEAL AND TO COMPEL DISCOVERY**

on the parties to this action named on the attached service list by the method described below.

(BY PERSONAL SERVICE) I caused a true and correct copy of said document(s) to be served by hand to the addressee(s) listed above, with the name and address of the person served shown on the envelope.

(BY OVERNIGHT DELIVERY) I enclosed a true and correct copy of said document(s) in an envelope/package provided by an overnight delivery carrier addressed to the addressee(s) listed above, sealed it, and placed it for collection and overnight delivery following the ordinary business practices of Kirkpatrick & Lockhart Preston Gates Ellis LLP. I am readily familiar with the firm's practice of collecting and processing correspondence for overnight delivery. On the same day that correspondence is placed for collection and overnight delivery, it is collected by an overnight delivery carrier. Delivery fees are pre-paid or provided for in accordance with the ordinary business practices of Kirkpatrick & Lockhart Preston Gates Ellis LLP.

**X** (BY ELECTRONIC TRANSMISSION) I transmitted a true and correct copy of said document(s) by electronic mail to the offices of the addressee(s). I did not receive, within a reasonable time after the transmission, any message or other indication that the transmission was unsuccessful.

(BY FACSIMILE) I transmitted a true and correct copy of said document(s) by facsimile to the offices of the addressee(s). Upon completion of the facsimile transmission, a transmission report was issued showing the transmission was complete and without error.

(BY U.S. MAIL) I enclosed a true and correct copy of said document(s) in an envelope addressed to the addressee(s) listed above and placed it for collection and mailing following the ordinary business practices of Kirkpatrick & Lockhart Preston Gates Ellis LLP. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service with postage fully prepaid at San Francisco, California.

Executed on August 22, 2008 at San Francisco, California.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Michelle Crawford

4.

**DECLARATION OF JEFFREY L. BORNSTEIN IN SUPPORT OF DEFENDANT JOHN COTA'S REQUEST TO FILE EXPERT'S DECLARATION UNDER SEAL AND TO COMPEL DISCOVERY**
**CR 08-0160 SI**

1

**SERVICE LIST**

2  Stacey Geis, Esq.                           Richard Udell
   Assistant United States Attorney            U.S. Department of Justice, Environment
3  U.S. Attorney's Office                      Crimes Section
   450 Golden Gate, 11th Floor                 PO Box 23985
4  San Francisco, CA 94102                     Washington, DC 20026
5  Fax: (415) 436-7234                         Fax: (202) 305-0396

6  Marc R. Greenberg, Esq.
   Keesal, Young & Logan
7  400 Oceangate
   P.O. Box 1730
8  Long Beach, CA 90801-1730
9  Fax: (562) 436-7416

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5.

**DECLARATION OF JEFFREY L. BORNSTEIN IN SUPPORT OF DEFENDANT JOHN
COTA'S REQUEST TO FILE EXPERT'S DECLARATION UNDER SEAL AND TO COMPEL
DISCOVERY
CR 08-0160 SI**

# EXHIBIT A

# K&L|GATES

Kirkpatrick & Lockhart Preston Gates Ellis LLP
55 Second Street
Suite 1700
San Francisco, CA 94105-3493

T 415.882.8200      www.klgates.com

April 30, 2008

Jeffrey L. Bornstein
D 415.249.1059
F 415.882.8220
jeff.bornstein@klgates.com

Stacey Geis, Esq. **(via hand delivery)**
Assistant United States Attorney
U.S. Attorney's Office
450 Golden Gate, 11th Floor
San Francisco, CA 94102

Richard A. Udell, Esq. **(via U.S. mail)**
Senior Trial Attorney
U.S. Department of Justice
Environmental Crimes Section
P.O. Box 23985
Washington, D.C. 20026-3985

Re:    U.S. v. John Cota, CR 08-0160 JCS (N.D. Cal.)

Dear Counsel:

Thank you very much for the documents produced by Mr. Udell on April 28, 2008. However, we did not receive the report dated March 28, 2008 which is bates labeled USCG001299 to 1339. Even though we were provided with a courtesy copy by the U.S. Attorney's Office, we would appreciate receiving a Bates labeled copy of these materials.

This letter supplements our request for discovery as reflected in our April 18, 2008 letter to Jonathan Schmidt. As we have previously discussed, due to our need to prepare for the upcoming Rule 15 depositions, we request that the government provide the following materials at least 3 weeks prior to the start of the depositions:

1.    The complete *Cosco Busan's* VDR including both the audio and visual (radar) displays, which includes the *Cosco Busan's* inbound voyage to the San Francisco Bay, at least as it pertains to the time period when a pilot was on board. Counsel for Fleet Management has provided us a copy of the audio portion of this VDR without any visual display. We are therefore requesting a complete VDR with <u>both</u> audio and visual displays for the Cosco Busan's inbound voyage to the San Francisco Bay until the *Cosco Busan* was docked following the accident.

SF-152702 v1

# K&L|GATES

Stacey Geis, Esq.
Richard Udell, Esq.
April 30, 2008
Page 2

2.   Soft copy of the ECDIS data so we can visualize all of the layers of data on the Electronic Chart Display for both the incoming voyage of the *Cosco Busan* on November 6, 2007 and the outbound voyage of the *Cosco Busan* on November 7, 2007.

3.   An entire set of the mirror images retrieved from the various computers on the Cosco Busan as referenced in Mr. Udell's letter dated April 28, 2008.

4.   Copies of all of the images and documents referenced on pages 3, 4, 6-7, 9, 11 and 13 of Enclosure 3 to the Coast Guard Report dated January 5, 2008.

Thank you very much for your anticipated cooperation in this matter.  Please feel free to contact us should you have any questions or concerns about our request. We look forward to hearing from you soon.

Very truly yours,

Jeffrey L. Bornstein

# EXHIBIT B

**United States Department of Justice**

*Office of the United States Attorney*
*Northern District of California*

---

| | |
|---|---|
| 450 Golden Gate Avenue | direct dial: (415) 436-6767 |
| 11th Floor, Box 36055 | facsimile: (415) 436-7234 |
| San Francisco, California 94102 | |

May 9. 2007

Jeffrey L. Bornstein
Kirkpatrick & Lockhart Preston Gates Ellis LLP
55 Second Street
Suite 1700
San Francisco, CA 94105

Re:    United States v. John Cota
       CR 08-0160 MAG

Dear Jeff:

In response to your discovery request under Federal Rule of Criminal Procedure, Rules 16(a)(1)(E), 16(a)(1)(F), and 16(a)(1)(G), I am sending you five discs marked discs ,numbered 1, 2, 4,5,6 and 8. They contain the following:

- Disc 1 – Electronic Chart and Radar Images – There are two sets of the electronic chart images those from the navigation computer and those form the planning computer. At this point we do not know where this set comes from. Once we determine the source of these images, we will provide the other set of images.

- Disc 2 – Vessel Traffic videos from the three cameras on Yerba Buena Island.

- Disc 3 – VTS telephone recordings

- Disc 4 – FBI photos November 2007

- Disc 5 – USCG photos of ship and bridge, December 2007

- Disc 6 – EPA photos, November 2007.

- Disc 8 – NTSB Public Docket ( a table of contents has already been provided.

As we discussed yesterday, and on May 7m we anticipate getting you the remainder of the discovery soon,

May 9, 2008
Page 2

Providing this discovery is not a concession or acknowledgment by the government that any or all of the foregoing discovery is required under Rule 16, the Jencks Act, or other federal statutes or rules. We explicitly reject any suggestion that the criminal local rules, including Criminal Local Rule 16-1(c), serve as valid authority for any substantive discovery obligations beyond that required under the applicable federal statutes and rules (e.g., Rule 16 and Jencks).

Pursuant to Rules 16(b) and (c) of the Federal Rules of Criminal Procedure, I hereby make a continuing request for all reciprocal discovery required by Rule 16(b) including the following:

1. Inspection and/or copies of all books, papers, documents, data, photographs, tangible objects, buildings, or places or portions thereof in the possession, custody, or control of the defendant and which the defendant intends to introduce as evidence in chief at trial.

2. Inspection and/or copies of any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case within the possession or control of the defendant, and the defendant intends to use the item in his case-in-chief at trial, or intends to call the who prepared the report and the report relates to the witnesses testimony witness's testimony.

3. A written summary of testimony the defendant intends to use under Rules 702, 703, and 705 of the Federal Rules of Evidence as evidence as trial. The summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.
Furthermore, the Government hereby gives notice that it may seek to introduce the other crimes, wrongs or acts committed by the defendant which are referenced in the enclosed discovery, either as inextricably intertwined conduct or pursuant to Rule 404(b) of the Federal Rules of Evidence.

In addition, I also request, pursuant to Rule 12.1 and 12.2 of the Federal Rules of Criminal Procedure, notice of any alibi that the defendant may offer regarding the commission of the offense charged in the indictment and complaint, and notice of any defense based on mental defect or insanity. Finally, pursuant to Rule 26.2 of the Federal Rules of Criminal Procedure, I request that the defendant produce statements of witnesses whom the defendant intends to call at

//
//
//
//
//
//
//
//

May 9, 2008
Page 3

trial.

Sincerely,

JOSEPH RUSSONIELLO
United States Attorney

JONATHAN SCHMIDT
Assistant United States Attorney

Enclosures (as indicated)

# EXHIBIT C

| From: | Schmidt, Jonathan (USACAN) [Jonathan.Schmidt@usdoj.gov] |
|---|---|
| Sent: | Tuesday, August 12, 2008 4:50 PM |
| To: | Hartman, Barry M.; Bornstein, Jeffrey L. |
| Cc: | Udell, Richard (ENRD) |
| Subject: | The Electronic chart |
| Attachments: | protective order re Sperry.doc |

Jeff & Barry

Yesterday we received a proposed protective order from Sperry. The order, which is enclosed, contemplates you using the electronic chart in our office. Of course you have had unfettered access to the chart in our office for some time now.

You asked about getting a system in your office. I understand that it requires special hardware to get the system in your offices. Neither our office nor Sperry will pay for that hardware. Currently I do not know the exact specifications or costs of that hardware. Let me know if you want me to track that information down.

Thanks

Jonathan

<<protective order re Sperry.doc>>

## CONFIDENTIALITY AND NONDISCLOSURE AGREEMENT

This Confidentiality and Nondisclosure Agreement ("Agreement") is entered into by Sperry Marine Inc., John Joseph Cota, and the United States Department of Justice ("DOJ").

WHEREAS the DOJ has filed criminal charges against Mr. Cota, in *United States v. Cota*, No. 3:08-cr-00160-SI-1 (N.D. Cal. filed Mar. 17, 2008),

WHEREAS in connection with its prosecution of these criminal charges, the DOJ has requested and Sperry Marine has provided certain computer materials related to the operation of the radar and navigation system aboard the M/V Cosco Busan,

WHEREAS Sperry Marine desires that certain aspects of these computer materials which are proprietary shall remain confidential, notwithstanding disclosure of the materials to the parties to this Agreement and their use in connection with these or other legal proceedings,

NOW, THEREFORE, in consideration of the mutual agreements and premises contained herein, intending to be legally bound hereby, the parties to this Agreement contract as follows:

1. As used in this Agreement, the term "Sperry Marine Systems" shall mean the documents, electronic devices, hardware, and software relating to the radars, Voyage Management System ("VMS"), and any other navigational tools, provided by Sperry Marine to the DOJ.

2. As used in this Agreement, the term "Confidential Information" shall mean (1) all source code relating to the VMS and (2) the VMS configuration file.

3. Mr. Cota and the DOJ agree:

    (a) that the Sperry Marine Systems provided to the DOJ shall remain in the custody of the DOJ at all times;

    (b) that they will return the Sperry Marine Systems at the conclusion of the pending matters unless continued retention of the materials is specifically agreed to by Sperry Marine.

4. Mr. Cota and the DOJ each agree not to access, delete, alter or disclose to any other party the Confidential Information in the Sperry Marine Systems.

5. Mr. Cota and the DOJ each agree to be responsible for any breach of the terms of this Agreement by them or by their respective agents, employees or representatives.

6. Mr. Cota and the DOJ each acknowledge that damages may be inadequate compensation for breach of this Agreement and, subject to the discretion of any

court, Sperry Marine shall be entitled to equitable relief and may restrain, by an injunction or similar remedy, any breach or threatened breach of this Agreement.

7.  All parties to this Agreement stipulate that the Confidential Information shall be deemed "trade secrets and commercial or financial information obtained from a person that is privileged or confidential," and therefore exempt from disclosure under the Freedom of Information Act, 5 U.S.C. § 552(b)(4).


Dated: August __, 2008          SPERRY MARINE, INC.


                                By: _____
                                    Jerome C. Roth
                                    MUNGER, TOLLES & OLSON LLP
                                    560 Mission Street, 27th Floor
                                    San Francisco, CA  94105
                                    Jerome.Roth@mto.com


Dated: August __, 2008          UNITED STATED DEPARTMENT OF JUSTICE


                                By: _____
                                    Stacey P. Geis
                                    United States Attorney's Office
                                    450 Golden Gate Avenue, 11th Floor
                                    San Francisco, CA  94102
                                    Stacey.Geis@usdoj.gov


Dated: August, __, 2008         CAPTAIN JOHN JOSEPH COTA


                                By: _____
                                    Jeffrey L. Bornstein
                                    Kirkpatrick and Lockhart Preston Gates Ellis LLP
                                    55 Second Street, Suite 1700
                                    San Francisco, CA  94105
                                    jeff.bornstein@klgates.com


5048043.3

# EXHIBIT D

**From:** Bornstein, Jeffrey L.
**Sent:** Tuesday, August 12, 2008 6:28 PM
**To:** 'Schmidt, Jonathan (USACAN)'; Hartman, Barry M.
**Cc:** Udell, Richard (ENRD)
**Subject:** RE: The Electronic chart

Jonathan:

The attached agreement is totally unacceptable. First, you promised unfettered access for us to view the Electronic Chart. Further, previously we reviewed this in your office in the mandatory presence of your agents but without any protective order from Sperry and without any confidentiality agreement. We fail to see why one is needed now.

Moreover, the draft agreement does not even allow us to use any aspect of this in trial, and compels us to agree that "Mr. Cota and the DOJ each agree not **to access**, or disclose to any other party the Confidential Information in the Sperry Marine Systems."
This renders any access by us illusory and meaningless.

Since April we have asked for a copy of the ECS and were told you were working on getting it for us. You said that it was possible to get a copy but that there may be confidentiality issues. When Barry reviewed it in your office, there was not even someone present who was competent to operate the equipment. The understanding we had, and what we asked for, was a full shadowed copy, and we would sign whatever waiver and protective order was needed to protect against its use other than for this case including trial.

The logistics of reviewing this in your offices is really not acceptable and undermines our client's ability to obtain a fair trial. This is not the kind of unique physical evidence (such as a murder weapon) that cannot be replicated.

We would like to see in writing a representation of exactly what Sperry is talking about in terms of special equipment or hardware. We are given to believe that no such special hardware is needed, and that if it is, it could be leased temporarily at a reasonable cost. You at some point indicated that the issue was a software program not special hardware. Moreover it is difficult to understand how the government can take the position that it will not pay for the hardware (or software) when it does not know what it costs.

Please advise how you want us to proceed so we can take whatever steps are necessary to get prepared for trial. Thank you for your prompt response.

Jeffrey L. Bornstein
K&L Gates LLP
55 Second St., Suite 1700
San Francisco, California 94105-3493
Tel: (415) 882-8200
Direct: (415) 249-1059
Fax: (415) 882-8220

Email: jeff.bornstein@klgates.com
Web: www.klgates.com

---

**From:** Schmidt, Jonathan (USACAN) [mailto:Jonathan.Schmidt@usdoj.gov]
**Sent:** Tuesday, August 12, 2008 4:50 PM
**To:** Hartman, Barry M.; Bornstein, Jeffrey L.
**Cc:** Udell, Richard (ENRD)
**Subject:** The Electronic chart

Jeff & Barry

Yesterday we received a proposed protective order from Sperry. The order, which is enclosed, contemplates you using the electronic chart in our office. Of course you have had unfettered access to the chart in our office for some time now.

You asked about getting a system in your office. I understand that it requires special hardware to get the system in your offices. Neither our office nor Sperry will pay for that hardware. Currently I do not know the exact specifications or costs of that hardware. Let me know if you want me to track that information down.

Thanks

Jonathan

<<protective order re Sperry.doc>>

# EXHIBIT E

| | |
|---|---|
| **From:** | Schmidt, Jonathan (USACAN) [Jonathan.Schmidt@usdoj.gov] |
| **Sent:** | Tuesday, August 12, 2008 8:59 PM |
| **To:** | Bornstein, Jeffrey L.; Hartman, Barry M. |
| **Cc:** | Udell, Richard (ENRD) |
| **Subject:** | RE: The Electronic chart |

Jeff,

Totally unacceptable does not give me much to work with.

Of course we want you to be able to prepare your defense. In that vain

We have worked to get you access to the ECS:
- o We clarified your question in April about the different images,
- o We provided you with digital copies of screen captures at regular intervals,
- o We had someone give you and an expert a demonstration of how to use the electronic chart, and
- o We gave your team, including an expert, accesses to the electronic chart in our offices.

You have asked to have unfettered access in our office, and we have agreed. I think the screen captures are sufficient Rule 16 disclosure. Still we are trying to accommodate your request. Perhaps you can explain what you are looking for or why we have not met our Rule 16 obligations.

The Electronic Chart belongs to Sperry and they requested the confidentiality agreement. I think that is fair. My read of the agreement still gives you unfettered access in our office. I also think the agreement allows you to use it at trial as well. But we can clarify that with Sperry. I think the agreement simply states that the system remains in our custody, which I interpret as in our office or in Court with us present.

You suggest that your lack of access to confidential information (i.e. source code info and configuration files) makes your accesses meaningless. I don't get why you need accesses to source code information and why Sperry should not be able to protect that information. Perhaps you can explain.

I will further clarify, but it is my understanding that the necessary hardware cost is close to $10,000, which is prohibitive for us.

If you have particular edits to the agreement I will convey them to Sperry.

Finally, you of course can deal with Sperry directly. Let me know if you need contact information.

Jonathan

---

**From:** Bornstein, Jeffrey L. [mailto:jeff.bornstein@klgates.com]
**Sent:** Tuesday, August 12, 2008 6:28 PM
**To:** Schmidt, Jonathan (USACAN); Hartman, Barry M.
**Cc:** Udell, Richard (ENRD)
**Subject:** RE: The Electronic chart

Jonathan:

The attached agreement is totally unacceptable. First, you promised unfettered access for us to view the Electronic Chart.  Further, previously we reviewed this in your office in the mandatory presence of your agents but without any protective order from Sperry and without any confidentiality agreement.  We fail to see why one is needed now.

Moreover, the draft agreement does not even allow us to use any aspect of this in trial, and compels us to agree that  "Mr. Cota and the DOJ each agree not **to access**, or disclose to any other party the Confidential Information in the Sperry Marine Systems."
This renders any access by us illusory and meaningless.

Since April we have asked for a copy of the ECS and were told you were working on getting it for us.  You said that it was possible to get a copy but that there may be confidentiality issues. When Barry reviewed it in your office, there was not even someone present who was competent to operate the equipment.  The understanding we had, and what we asked for, was a full shadowed copy, and we would sign whatever waiver and protective order was needed to protect against its use other than for this case including trial.

The logistics of reviewing this in your offices is really not acceptable and undermines our client's ability to obtain a fair trial. This is not the kind of unique physical evidence (such as a murder weapon) that cannot be replicated.

We would like to see in writing a representation of exactly what Sperry is talking about in terms of special equipment or hardware.   We are given to believe that no such special hardware is needed, and that if it is, it could be leased temporarily at a reasonable cost. You at some point indicated that the issue was a software program not special hardware.  Moreover it is difficult to understand how  the government can take the position that it will not pay for the hardware (or software) when it does not know what it costs.

Please advise how you want us to proceed so we can take whatever steps are necessary to get prepared for trial.  Thank you for your prompt response.


Jeffrey L. Bornstein
K&L Gates LLP
55 Second St., Suite 1700
San Francisco, California 94105-3493
Tel:  (415) 882-8200
Direct:  (415) 249-1059
Fax: (415) 882-8220
Email:  jeff.bornstein@klgates.com
Web:  www.klgates.com

---

**From:** Schmidt, Jonathan (USACAN) [mailto:Jonathan.Schmidt@usdoj.gov]
**Sent:** Tuesday, August 12, 2008 4:50 PM
**To:** Hartman, Barry M.; Bornstein, Jeffrey L.
**Cc:** Udell, Richard (ENRD)
**Subject:** The Electronic chart

Jeff & Barry

Yesterday we received a proposed protective order from Sperry. The order, which is enclosed, contemplates you using the electronic chart in our office. Of course you have had unfettered access to the chart in our office for some time now.

You asked about getting a system in your office. I understand that it requires special hardware to get the system in your offices. Neither our office nor Sperry will pay for that hardware. Currently I do not know the exact specifications or costs of that hardware. Let me know if you want me to track that information down.

Thanks

Jonathan

<<protective order re Sperry.doc>>

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at jeff.bornstein@klgates.com.