**K&L | GATES**

Kirkpatrick & Lockhart Preston Gates Ellis LLP
55 Second Street
Suite 1700
San Francisco, CA 94105-3493

T 415.882.8200    www.klgates.com

August 28, 2008

Jeffrey L. Bornstein
D 415.249.1059
F 415.882.8220
jeff.bornstein@klgates.com

**VIA HAND DELIVERY**

Honorable Susan Illston
United States District Court Judge
United States District Court
Northern District of California
450 Golden Gate Avenue, 15th Floor
San Francisco, CA 94102

    Re:    United States of America v. John Cota, et al.
            U.S. Northern District Court Case No.: CR 08-0160 SI

Dear Judge Illston:

    All parties have agreed to the Court entering an Interim Protective Order attached as Tab 1. There are two issues that remain, however. First, Fleet wants to be able to use all of the discovery materials in the civil cases. With respect to Captain Cotas' personal and medical information, we object to any such use until the criminal case is either tried or resolved. At that point, appropriate use of these materials can be determined by Judge Conti.

    Second, Fleet wants to be able to turn over Cotas' personal and medical information to the NTSB. We object to that on the grounds that the NTSB has the authority to get whatever information it wants or needs, Fleet is a part of the NTSB process but Cota is not permitted to be and there is nothing in the Federal Rules of Criminal Procedure that contemplates a private party using Rule 16 discovery for the purpose of aiding another Federal Agency in a different proceeding.

    Given these issues, Fleet and Cota have agreed to the court entering the attached Order as an Interim Order. We will continue to work with Fleet and the government to resolve these remaining issues and either present a substitute order next week or ask that the Court set this matter for hearing on September 22, 2008 when other motions are scheduled to be heard. Thank you for your consideration.

Very truly yours,

*[signature: Jeffrey L. Bornstein/edd]*

Jeffrey L. Bornstein

SF-161492 v1

K&L|GATES

Honorable Susan Illston
August 28, 2008
Page 2

Enclosure (as indicated)

cc: via email with attachment
    Stacey Geis, AUSA
    Marc Greenberg

# TAB - 1

JOSEPH P. RUSSONIELLO
United States Attorney
BRIAN J. STRETCH (CASBN 163973)
Chief, Criminal Division
STACEY P. GEIS (CASBN 181444)
JONATHAN SCHMIDT (CABSN 230646)
Assistant United States Attorneys
450 Golden Gate Ave., 11th Floor
San Francisco, CA 94102
(415) 436-6776 (tel B Schmidt) (x7126 B Geis)
(415) 436-7234 (fax)
Stacey.Geis@usdoj.gov, Jonathan.Schmidt@usdoj.gov

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice
RICHARD A. UDELL
Senior Trial Attorney
Environmental Crimes Section
P.O. Box 23985
L=Enfant Plaza Station
Washington, DC 20004
(202) 305-0361 (tel)
(202) 514-8865 (fax)

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff(s),<br><br>vs.<br><br>JOHN J. COTA, et al.,<br><br>                  Defendant(s). | Case No. CR 08-0160-1 SI<br><br>**GOVERNMENT'S SUBMITTAL OF INTERIM DRAFT PROTECTIVE ORDER** |

    Pursuant to stipulation of the parties, the United States, with the agreement of Defendant Cota, and Defendant Fleet herby submit the following request for the issuance of a protective order.

    The United States believes that its discovery obligations include providing defendant Fleet Management Ltd with the medical records of Captain Cota and providing Captain Cota with proprietary information of Fleet, each disclosure being required under Federal Rule of Criminal Procedure 16, or pursuant to the United

States= disclosure obligations under *Brady*, *Giglio*, or *The Jencks Act*. Some of the information produced may be subject to the provisions of the Privacy Act, 5 U.S.C. ' 552a, to the provisions of 45 C.F.R. '' 164.102-164.534, or to the provisions of 42 U.S.C. ' 1306, or there may be no waiver by the patient to produce the records to any entity other than the United States. There are other categories of documents, set forth further below, that the parties agree are also deserving of additional protection at this time.

Accordingly, the parties agree and stipulate that the following materials ("designated Confidential Information") shall be covered under this protective order:

(A) Any document which includes health information of any person, including Captain Cota. Such documents shall include, but not be limited to, medical records, pharmacy records, licensing records which reference identifiable health information, and any other documents that reference identifiable health information of any person. However, only the health information in the document is covered by this Order;

(B) Any identifiable personal information of any person, including a person's address, phone number, social security number, date of birth, or driver's license number;

(C) Any engineering records regarding the design, construction, or operation of machinery, including the *M/V Cosco Busan* itself, and any computer equipment including hardware, software and data maintained on board the *M/V Cosco Busan*, contract information relating to Fleet; and Fleet's Safety Management System and related software, and financial information relating to Fleet and its business;

(D) Contract information, including contract rates, regarding any clean up of the November 7, 2007 oil spill;

(E) Documentation and information relating to the claims process and settlement of claims arising from the incident;

(F) Any government policies and manuals that are already identified as "FOUO" or "For Official Use Only", and

(G) Any documents found on Disc 9 of the United States=s discovery production, which constitute the National Transportation Safety Board's Non-Public Docket.

The parties further agree and stipulate that the materials contained in paragraphs (A) - (G) will be handled in accordance with the conditions set forth below. In order to protect the confidentiality of this information, and with the stipulation of the parties, the government asks the Court to enter the following protective order:

1.  Defendant Fleet Management Ltd; Defendant Captain John Cota, and the United States Attorney/Department of Justice, including their counsel and their employees, agree to use these documents only for the purposes of litigating this criminal action, and agree not to disclose these materials to non-parties to the criminal action except as needed for the defense or prosecution of the criminal action and only if the nonparty signs this letter, or another copy of this letter.

2.  If any party wishes to utilize the services of any non-party, including but not limited to an investigator, expert or other individual to review the protected materials in connection with the preparation of a defense, <u>prior to receiving access to the materials</u>, such individual must sign a copy of the "Acknowledgment of Protective Order and Proper Handling of Materials Subject Thereto"attached to a copy of this Order acknowledging that:

a) he/she has reviewed the Order;

b) he/she understands its contents;

c) he/she agrees that he/she will only access the protected materials for the purposes of preparing the case;

d) he/she will not make any copies of any of the protected materials or otherwise disclose its contents to another third party without further order of the Court; and

e) he/she understands that failure to abide by this Order may result in sanctions by this Court.

3.  All parties shall maintain a file of signed copies of the Order along with the signed Acknowledgment of Protective Order and Proper Handling of Materials Subject Thereto Order. If any party believes that there has been unauthorized disclosure of protected information, such party may file a motion with the Court requesting

inspection and review of these documents. To the extent disclosure of such documents would materially compromise the defense of either Captain Cota or Fleet, the parties agree that such inspection and review shall be made ex parte and under seal to the Court for purposes of determining if an unauthorized disclosure occurred.

4. All parties further agree that, absent an order of the Court, these confidential documents will not be filed with the Court, or submitted to the Court or reproduced in any court filing, unless the document or filing is placed under seal or all information that would be covered by this order has been removed.

5. The parties agree that the procedures for use of designated confidential documents during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. This Order is not intended to limit the use of any information or document at trial but it is the intent of this agreement to ensure that these issues are ruled upon in advance by the Court. No party shall disclose designated confidential documents in open Court without prior consideration by the Court.

6. The parties agree that nothing in this Protective Order prohibits the disclosure of documents or information that have been or are in the future disclosed to the public through other sources than the United States' production of discovery in this case unless it is determined that such other disclosure was improper.

7. The parties agree that no party in this case shall produce any designated Confidential Information that is subject to this Order in any unrelated legal or administrative proceeding without the express written consent of the party with respect to which the confidential information relates.

SO STIPULATED

DATED:_____

MARC GREENBERG
Attorney for Defendant Fleet Management Ltd

```
 1   DATED:_____          _____
                                  JEFFREY BORNSTEIN
 2                                Attorney for Defendant John Joseph Cota

 3   DATED:_____          _____
                                  STACEY P. GEIS
 4                                JONATHAN SCHMIDT
                                  Assistant United States Attorneys
 5

 6

 7
        IT IS ORDERED that disclosure of the above-described discovery materials shall be
 8   restricted as set forth above.

 9

10   DATED:                       _____
                                  THE HONORABLE SUSAN ILLSTON
11                                United States District Court Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
```

**Acknowledgment of Protective Order and Proper Handling of Materials Subject Thereto**

I _____ am employed as a(n) _____ and I am assisting _____ (attorney) in the preparation of the matter of the *United States v. John Joseph Cota and Fleet Management Ltd.*

In anticipation of reviewing materials that contain confidential information, I have reviewed the attached Order. I understand its contents. I agree that I will only access the protected materials for the purposes of preparing the case. I will not make any copies of any of the protected materials or otherwise disclose them to any third party without further order of the Court. I understand that failure to abide by this Order may result in sanctions by this Court.

- 6 -

DEFENDANT FLEET MANAGEMENT LTD.'S OBJECTION TO PLAINTIFF'S [PROPOSED] PROTECTIVE ORDER RE DISCLOSURE OF MEDICAL RECORDS TO DEFENDANT FLEET MANAGEMENT - Case No. CR 08-0160-1 SI

KYL SF\465452