IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>JOHN J. COTA and<br>FLEET MANAGEMENT LTD.,<br><br>  Defendants.<br>_____/ | No. CR 08-0160 SI<br><br>**ORDER DENYING DEFENDANT FLEET MANAGEMENT LTD.'S MOTION FOR CONSENT TO ENTER A PLEA OF *NOLO CONTENDERE*** |

Defendant Fleet Management Ltd. moves for consent of the Court to enter a plea of *nolo contendere*. Argument on the matter was heard on September 22, 2008. Having considered the arguments of the parties and the papers submitted, the Court hereby DENIES defendant's motion.

**BACKGROUND**

On November 7, 2007, the Cosco Busan container ship allided with the San Francisco Bay Bridge, resulting in the discharge of over 50,000 gallons of heavy fuel oil into the San Francisco Bay. Defendant Fleet Management, Inc. ("Fleet") is an international ship management company. At the time of the allision, it had contracted to manage the Cosco Busan. Fleet is now charged with criminal violations of the Clean Water Act and the Migratory Bird Treaty Act, as well as three counts of false statement and two counts of obstruction of justice. The United States has brought civil charges against Fleet arising from the same conduct. Fleet moves for the Court's consent to enter a *nolo contendere* plea to all criminal counts.

## LEGAL STANDARD

A plea of *nolo contendere* has the same consequences for criminal purposes as a guilty plea. Fed. R. Crim. Pro. 11(b). Unlike a plea of guilty, however, a no contest plea cannot be used against the defendant as an admission in a subsequent criminal or civil case. Fed. R. Evid. 410(2). A criminal defendant may enter a plea of *nolo contendere* only with permission of the Court. Fed. R. Crim. Pro. 11(a). "Before accepting a plea of *nolo contendere*, the court must consider the parties' views and the public interest in the effective administration of justice." *Id.* The trial court is given great discretion in deciding whether to accept a no contest plea. Wright & Miller, *Federal Practice and Procedure* § 175 (2008); *see also United States v. Soltow*, 444 F.2d 59, 60 (10th Cir. 1971).

## DISCUSSION

Fleet contends that the United States would gain an "unfair advantage" in its civil case against the shipping company if Fleet pled guilty to the criminal charges. As discussed below, the government raises multiple reasons for opposing the no contest plea, including that it would negate the deterrent effect of criminal statutes in environmental cases.

The notes of the Advisory Committee on Rule 11 indicate that courts have considered a variety of factors relevant to determining whether to permit a no contest plea. *See* Fed. R. Crim. Pro. 11 advisory committee's notes (1974). The factors include: 1) the defendant's role in the violation, 2) the deterrent effect of a no contest plea, 3) the government's view, and 4) the conservation of judicial resources. *See, e.g.*, *United States v. Yonkers Contracting Co.*, 697 F. Supp. 779, 781 (S.D.N.Y. 1988); *United States v. Baltimore and Ohio R.R.*, 543 F. Supp. 821, 822 (D.D.C. 1982); *Brighton Bldg. & Maintenance Co.*, 431 F. Supp. 1118, 1119 (D.C. Ill.1979).

### I. Defendant's role

According to Fleet's version of events, the shipping company played no role in the allision. Fleet alleges that the allision was caused by the negligence of co-defendant Captain John Cota, the U.S. Coast Guard, the California Board of Pilot Commissioners, the San Francisco Bar Pilots Association, and the doctor who examined Captain Cota. The government responds that Fleet's crew was improperly

licensed, insufficiently trained, and followed deficient navigational procedures. In addition, the government alleges that Fleet employees concealed and forged ship records.

If Fleet's characterization of its role in the allision were correct, there would be no factual basis for a finding of guilt. Fleet's version of events similarly ignores its employees' alleged acts of false statement and obstruction. If the government's characterization is more accurate, Fleet's negligence was a substantial factor in the allision. Allowing Fleet to enter a no contest plea would prevent the issue of Fleet's role from being resolved by a jury in this proceeding. In a case such as this, the public has a substantial interest in a final determination of fault.

## II. Deterrent effect of permitting a no contest plea

Fleet argues that allowing the company to enter no contest plea would not detract from the deterrent effect of the criminal charges it faces because multiple factors beyond Fleet's control contributed to the allision. Fleet also contends that the civil actions pending against Fleet, some of which carry heavy fines, provide adequate deterrence.[1] The government responds that monetary fines alone are not a sufficient deterrent because of the company's insurance policy and indemnity arrangement.

## III. The government's position

Fleet alleges that the government's opposition is based on the Attorney General's long-standing policy against no contest pleas and the government's own interests as a plaintiff and counter-defendant in the civil litigation. The government counters that it is motivated by general policy concerns, including upholding congressional intent in establishing parallel administrative, civil, and criminal penalties in oil spill cases.

---

[1] At oral argument, Fleet's counsel characterized the criminal proceedings against it as "only about money."

3

**IV.  Judicial resources**

According to Fleet, judicial economy will be served by avoiding a trial and releasing the company's crew members, who have been detained for more than eight months. The government responds that Fleet's sentencing will require rehearing of much of the evidence that will be at issue in the case against Fleet's co-defendant, so Fleet's no contest plea would save few resources.

On balance, the factors weigh against allowing Fleet to enter a no contest plea. Fleet's argument that fault lies with other parties undermines the factual basis for the conviction and ignores its employees' alleged acts of false statement and obstruction of justice. The possibility that Fleet's civil penalties will be covered by its insurers suggests that civil sanctions alone are an insufficient deterrent. The likelihood of a protracted evidentiary hearing at sentencing, involving similar evidence at issue in the case against Fleet's co-defendant, detracts from Fleet's arguments that a no contest plea would save judicial economy. Accordingly, the Court DENIES defendant's motion for consent to enter a no contest plea.

**CONCLUSION**

For the foregoing reasons and good cause shown, the Court DENIES defendant Fleet's motion for consent to enter a plea of *nolo contendere*.

**IT IS SO ORDERED.**

Dated: October 7, 2008

SUSAN ILLSTON
United States District Judge

4