IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>    Plaintiff,<br><br>   v.<br><br>JOHN J. COTA and<br>FLEET MANAGEMENT, LTD.,<br><br>    Defendants.<br>_____/ | No. CR 08-00160 SI<br><br>**ORDER DENYING DEFENDANT FLEET'S MOTION FOR JUDGMENT OF GUILTY TO BE ENTERED TO COUNTS THREE AND FOUR OF SECOND SUPERSEDING INDICTMENT** |

On June 19, 2009, the Court heard oral argument on defendant Fleet Management, Ltd.'s motion for judgment of guilty to be entered to counts three and four of the second superseding indictment. Having considered the arguments of the parties and the papers submitted, and for good cause shown, the motion is DENIED. **This case is STAYED until the June 26, 2009 status conference**.

**BACKGROUND**

On the morning of November 7, 2007 the *Cosco Busan* container ship allided with the San Francisco Bay Bridge, causing thousands of gallons of heavy fuel oil to be discharged into the bay. The government brought criminal charges against defendant John Cota, the pilot of the ship at the time of the allision, and defendant Fleet Management, Ltd. ("Fleet"), the company that managed the vessel. On March 6, 2009, pursuant to a plea agreement with the government, Cota pled guilty to Counts 3 and 4 of the second superceding indictment: negligent discharge of a pollutant in violation of the Clean Water Act, 33 U.S.C. §§ 1319(c)(1)(A), 1321(b)(3) and violation of the Migratory Bird Treaty Act, 16 U.S.C.

**United States District Court**
For the Northern District of California

§§ 703, 707(a).[1] The instant dispute concerns Fleet's efforts to enter a guilty plea to the same counts.

On May 7, 2009, Fleet's counsel informed the government by e-mail of Fleet's intention to enter a guilty plea on May 15 to Counts 3 and 4 of the second superseding indictment. On May 11, Fleet filed an application to enter a guilty plea. The application was filed on the public docket and media outlets reported that Fleet had offered to enter the plea. *See* Decl. of Marc Greenberg in Supp. of Def. Mot., exs. 5, 6. The parties subsequently requested to continue the hearing on Fleet's guilty plea until May 27 in order to accommodate personal scheduling conflicts on the part of government attorneys. On May 26, the government filed a third superseding indictment against Fleet.

For present purposes, the significant difference between the second and third superseding indictments is that the latter document alleged an amount of loss arising from the Clean Water Act violation. The third superseding indictment states that Fleet's allegedly negligent discharge of a pollutant "resulted in at least approximately $20 million in pecuniary losses to persons, Title 18 United States Code, Section 3571(d)." Fleet now argues that it should be permitted to enter a plea to the second superseding indictment, i.e. without the amount of loss alleged.

## DISCUSSION

### 1. Fleet is Not Entitled to Enter a Plea to the Second Superseding Indictment

Fleet argues that it is entitled to plead to the second superseding indictment instead of the third superseding indictment. According to Fleet, the government changed Fleet's potential fine significantly by alleging a loss in the third superseding indictment. The Clean Water Act provides, in relevant part, that the penalty for negligent violation of that statute is "a fine of not less than $2,500 nor more than $25,000 per day of violation, or by imprisonment for not more than 1 year, or by both." 33 U.S.C. § 1319(c)(1)(B). Generally, the maximum fine that can be imposed on an organization for a Class A misdemeanor is $200,000. 18 U.S.C. § 3751(c). The Alternative Fines Act allows, however, for the imposition of enhanced fines. It provides, in relevant part, "If any person derives pecuniary gain from

---

[1] Both offenses are classified as Class A misdemeanors. The government promised to dismiss any open charges pending against Cota at the time of sentencing. The second superseding indictment also alleged two counts of false statement against Cota.

2

the offense, or if the offense results in pecuniary loss to a person other than the defendant, the defendant may be fined not more than the greater of twice the gross gain or twice the gross loss, unless imposition of a fine under this subsection would unduly complicate or prolong the sentencing process." 18 U.S.C. § 3571(d). In Fleet's view, by alleging a specific loss in the third superseding indictment, the government increased Fleet's potential fine from a maximum of $200,000 to twice the gross loss alleged in the third superseding indictment: $40 million.

### A. Fleet's filing of a plea application is not a substitute for the mandatory Rule 11 procedures

Fleet argues that, having filed an application to enter a guilty plea, it is entitled under *Garcia-Aguilar v. United States*, 535 F.3d 1021 (9th Cir. 2008) to plead to the prior indictment. *Garcia-Aguilar* concerned three immigration cases in which the defendants pled guilty to illegal reentry after having been previously removed from this country. 535 F.3d at 1023. In each case, magistrate judges conducted the plea colloquies required by Federal Rule of Criminal Procedure 11(b) and recommended that the district judges accept the pleas. *Id.* When the cases came before the district judges, however, the government objected that the magistrate judges had erred during the Rule 11(b) colloquies by advising the defendants that they faced potential sentences of twenty years, when in fact only a two-year maximum sentence was available under the original indictments. *Id.* at 1023-24. In the interim, the government had arraigned the defendants on superseding indictments that charged them with removal after conviction of a felony. *Id.* This additional allegation exposed the defendants to potential sentences of twenty years. *Id.* at 1024. *Garcia-Aguilar* held that the plea colloquies were not defective and that the district court judges were therefore required to accept the defendants' original guilty pleas, notwithstanding the superseding indictments. *Id.* at 1025 ("[T]he government has no power to void a knowing, voluntary and unconditional guilty plea so that it can fix its charging error.").

The Ninth Circuit reasoned that because a criminal defendant's confession has "significant real-world consequences," including "immediate and enduring effects on the defendant's standing in the community," the plea colloquy "is often an excruciating experience." *Id.* at 1026. After a defendant has undergone this experience, and if the requirements of Rule 11(b) are met, "the government has no

3

power to force the defendant to go through the ordeal again to serve its own purposes." *Id.*

The parties agree that *Garcia-Aguilar* applies only to situations where the Rule 11 requirements governing the Court's acceptance of a plea have been met. Rule 11(b) provides that "[b]efore the court accepts a plea of guilty or nolo contendere, the defendant may be placed under oath, and the court *must* address the defendant personally in open court." Fed. R. Crim. Pro. 11(b)(1) (emphasis added). During the ensuing colloquy, "the court *must* inform the defendant of, and determine that the defendant understands" various rights. *See* Fed. R. Crim. Pro. 11(b)(1)(A)-(N) (emphasis added). This Court has not yet conducted a plea colloquy with Fleet. The question, then, is whether a corporate defendant's filing of a plea application may substitute for the plea colloquy mandated by Rule 11. It may not. *See United States v. Del Prete*, 567 F.2d 928, 930 (9th Cir. 1978) ("Requesting a defendant to review and sign a written document setting forth the advice required by rule 11(c) is a proper procedure that may be of substantial assistance to the defendant in understanding the consequences of his plea, but it is emphatically not a substitute for the clear dictates of the rule which requires that the trial judge address the defendant in open court as to each of such matters.").

Fleet's reliance on Federal Rule of Criminal Procedure 43 is misplaced. Rule 43 provides that a defendant need not appear personally at the plea colloquy in certain circumstances, including the following:

> (1) Organizational Defendant. The defendant is an organization represented by counsel who is present.
> (2) Misdemeanor Offense. The offense is punishable by fine or by imprisonment for not more than one year, or both, and with the defendant's written consent, the court permits arraignment, plea, trial, and sentencing to occur in the defendant's absence.

Fed. R. Crim. Pro. 43(b). Fleet points out that, pursuant to these provisions, the Court may conduct the plea colloquy with Fleet's counsel, even if Fleet is not personally present, because Fleet is a corporate defendant and because Counts 3 and 4 of the second superseding indictment are misdemeanor offenses. Rule 43 does not state, however, that the Court may forego the plea colloquy altogether.[2] There is no authority for Fleet's claim that merely filing an application to enter a plea is tantamount to conducting

---

[2] The Court recognizes that Rule 43(b)(2) does not explicitly require trial courts to conduct the plea colloquy. This Court need not decide whether a defendant pleading to a misdemeanor may waive the Rule 11 procedures because the rule gives courts discretion in this matter. The Court has not and will not allow Fleet to enter a guilty plea without a Rule 11 hearing.

4

the plea colloquy required by Rule 11. Accordingly, as the Court has not yet heard Fleet – appearing personally or through its lawyer – admit guilt in open court, *Garcia-Aguilar* is inapposite.

### B. The government's changes to the hearing schedule do not entitle Fleet to plead to the second superseding indictment

Fleet argues that it would be unfair for the government to gain a "tactical advantage" by seeking a continuance of the hearing on Fleet's guilty plea, which was originally scheduled for May 15. With the extra time afforded by the continuance, the government was able to obtain the third superseding indictment from a grand jury on May 25. *See* Decl. of Richard A. Udell in Supp. of Gov't Opp. ¶ 24. The government had discretion to file the superseding indictment. *See United States v. Miller*, 722 F.2d 562, 564 (9th Cir. 1983) (In charging decisions, the prosecutor's discretion is "almost absolute."). On this record, the Court finds no evidence of prosecutorial misconduct; the government's late filing of the third superseding indictment does not entitle Fleet to plead to an earlier version of the charges.

## 2. Fleet's Presence at the Plea Colloquy

As noted above, Rule 43 provides that a corporate defendant need not appear personally at the plea colloquy if it is represented by counsel who is present at the hearing. Rule 43(b)(1). The parties dispute whether, notwithstanding Rule 43, this Court may nonetheless order an officer of Fleet to appear at the hearing. The Court need not decide this issue because it finds, under all of the circumstances of this case, that such an order is not warranted. If it chooses to do so, Fleet may enter a plea through its counsel.

## 3. Fleet's Challenges to the Alternative Fines Act

Fleet raises several challenges to the applicability of the Alternative Fines Act in this case. The Court will consider each in turn.

### A. Applicability of *Apprendi* to Alternative Fines Act

The parties dispute whether *Apprendi v. New Jersey*, 530 U.S. 466 (2000), requires gross gains and losses to be alleged in an indictment and proven to a jury beyond a reasonable doubt. This issue

is now moot as the government has alleged a specific loss in the third superseding indictment.

### B. Due process

Fleet argues that the $40 million fine it now faces violates due process. Both the Clean Water Act and the Migratory Bird Treaty Act allow for criminal convictions on mental states lower than intent – the Clean Water Act requires only that the government prove Fleet was negligent and the Migratory Bird Treaty Act is a strict liability offense. According to Fleet, the lower mental state requirement for these statutes is permissible only because these are "public welfare statutes," which are characterized by penalties that "commonly are relatively small, and conviction does no grave damage to an offender's reputation." *Morissette v. United States*, 342 U.S. 246, 256 (1952). The government responds that Fleet's due process argument is premature as the government has not yet stated what fine it will seek. The Court agrees. The Court cannot determine whether the fine sought by the government is "grossly disproportional to the gravity of [Fleet's] offense," *see United States v. Bajakajian*, 524 U.S. 321, 334 (1998), without knowing the amount of that fine.

### C. Feasibility of determining amount of loss

As noted above, § 3571(d) of the Alternative Fines Act allows for an enhanced fine amounting to twice the gross loss "unless imposition of a fine . . . would unduly complicate or prolong the sentencing process." 18 U.S.C. § 3571(d). Fleet argues that § 3571(d) cannot be applied here because determining the amount of the gross loss would unduly complicate sentencing. Again, the Court agrees with the government that Fleet's argument is premature. If necessary, the Court will decide at sentencing whether determining the gross loss will unduly complicate the proceedings.

Fleet also implies that because the government did not allege a specific loss in its plea agreement with Cota, the government is now estopped from arguing in the case against Fleet that determining the loss is feasible. This argument fails as the government has discretion over its charging decisions and, as noted above, there is no evidence of government misconduct in this case.

## 4. Evidentiary Considerations

### A. Discovery

Fleet states that the government has failed to provide discovery and expert disclosure on how it seeks to apportion fault between the various entities and individuals involved in the allision. Fleet does not specify what discovery materials in the government's possession have not been disclosed. If Fleet has a right to particular materials that the government has failed to provide, Fleet may address this issue by filing a motion to compel.

### B. Evidence of plea discussions

Fleet contends that the government has violated Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 by introducing evidence of the parties' plea negotiations. The Court has not considered any such evidence in deciding the instant motion. Fleet's request for an order striking these references is denied.

## 5. Fleet's Request for a Stay

Fleet has requested that this case be stayed until the June 26, 2009. Fleet's request is granted.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES defendant Fleet's motion for judgment of guilty to be entered against Fleet as to counts three and four of the second superseding indictment. This case is STAYED until June 26, 2009.

**IT IS SO ORDERED.**

Dated: June 22, 2009

SUSAN ILLSTON
United States District Judge

7